State v. Cook.

---

## STATE OF MISSOURI, Respondent, v. COOK, Appellant.

St. Louis Court of Appeals, June 23, 1908.

1. **CRIMINAL PRACTICE:** Cross-Examination of Defendant: Cross-Examination on Matters not Testified to in Chief. In the cross-examination of a defendant charged with a crime, it was error to permit the prosecuting attorney to cross-examine him about testimony given by him in another case in which he was defendant, when such evidence was not alluded to by the defendant in his examination in chief.

2. ———: Remarks of Counsel: Timely Exception. Where the prosecuting attorney on the trial of one charged with a crime made improper and prejudicial remarks in his argument to the jury, the appellate court will not review the same, where the record did not show any ruling of the trial court on the defendant's opposition to such remarks.

Appeal from Greene Criminal Court.—*Hon. A. W. Lincoln,* Judge.

REVERSED AND REMANDED.

*Mason & Delaney* for appellant.

(1)    The attempted impeachment of the defendant, by his testimony at former trials in the police court, was entirely incompetent.    The statute allows for several defenses, and it is the privilege of an accused to use any one of the number or all.. R. S. 1899, sec. 1852.    It was in addition improper to allow such cross examination, as the same was based entirely on matters outside of the examination in chief, and therefore improper.    State v. Rugan, 5 Mo. App. 592; State v. Palmer, 88 Mo. 568; State v. Browning, 95 Mo. 19.    (2) Prosecuting officers, even in the heat of debate, ought not to forget that they owe a duty to the defendant as well as to the State.    State v. Pagels, 92 Mo. 300.    And it is highly improper to attempt to fire a jury with passion on account of racial prejudice, as well as by referring to matters not in evidence.    State v. Jackson, 95 Mo. 623; State v. Bobbst, 131 Mo. 328; State v. Ferguson, 152 Mo. 92; State v. Punshaw, 133 Mo. 44; State v. Riley, 4 Mo. App. 392; State v. Nee & Gillespie, 104 Mo. App. 400.

*Wm. R. Self,* Prosecuting Attorney, and *Alfred Page* for respondent.

BLAND, P. J.—In the month of September, 1906, defendant was arrested by the marshal of the city of Springfield, Missouri, taken before the police court of said city and there charged with violating the ordinances of said city, by carrying a revolver concealed on his person.    Afterwards the prosecuting attorney of Greene county filed an information in the criminal

court of said county, charging defendant with the same offense. It appears from the evidence that defendant was twice tried in the police court. The fact is unimportant except for the light it throws on defendant's cross-examination in the Greene County Criminal Court which resulted in his conviction. The State's evidence tends to show that defendant carried a revolver concealed on his person at the time and place alleged in the information. Defendant's evidence shows he is a farmer and resides a short distance from Springfield, in Greene county. He admitted he had a revolver on his person on the day charged in the information but denied that it was concealed. By way of justification for carrying the revolver, he showed that he had about $195 in cash on his person at the time he was arrested, which was after night, and that he feared attack by thieves and robbers on his way home and procured the revolver a few minutes before his arrest, for the purpose of protecting himself and his property. Defendant is a negro, and his evidence shows that in April, 1906, three negroes were taken from the jail at Springfield by a mob of whites and hung and burned on the public square of that city; and also introduced evidence tending to show that the negro population of Springfield was still in danger from mob violence; that they had been notified in the spring of 1906 to leave the country, and at about the same time he received two letters threatening to make way with him if he did not leave the county. The State's evidence tended to show that the excitement which had existed at the time of the mob had died out and the negroes were not in danger of mob violence in September, 1906. The issues were submitted to the jury on instructions that were fair to defendant.

The principal errors complained of by defendant are the latitude permitted the prosecuting attorney in his cross-examination of defendant as a witness and in

remarks of the prosecuting attorney in his address to the jury. On cross-examination the prosecuting attorney, over the objection of defendant's counsel, was permitted to ask defendant whether or not he had made certain statements in the police court in regard to carrying the revolver, avowedly for the purpose of impeaching the witness. Defendant did not testify in chief to what he swore in the police court, nor did the prosecuting attorney claim that he made statements in the police court inconsistent with what he swore on the trial in the criminal court. All he claimed was that he stated a fact on the trial in the criminal court which he did not state on the trial in the police court. It seems to us that this was improper, and not legitimate cross-examination of defendant, for the reason it was not alluded to in his examination in chief, and for the further reason it did not impeach his evidence. Over the objection of his counsel the prosecuting attorney was also permitted to ask defendant, on cross-examination, why he did not bank his money, and to show that he had received it within banking hours and could have deposited it. Defendant was not required to deposit his money in a bank or elsewhere. His legal right to carry it upon his person should not have been questioned. He not only had the lawful right to carry it on his person but also had the right to carry arms concealed on his person to defend his possession thereof, if in good faith he believed there was danger of thieves and robbers trying to take it from him on his way home. Some words passed between a deputy sheriff and defendant just before the latter's arrest, about a capias execution against defendant. The deputy and defendant both testified to the conversation. Taking that as a foundation the prosecuting attorney, on cross-examination of defendant, over the objection of defendant's counsel was permitted to show that defendant kept or owned a club composed of negroes in the city

of Springfield, and that defendant and other negroes had pleaded guilty to the illegal sale of liquor at this club, and in his address to the jury the prosecuting attorney used the following objectionable and prejudicial remarks: "What causes white people to rise in a mob in a community? It's a white jury backing up a burly negro in such offenses as packing a pistol. The experience you all have had is that such dives as this defendant was running causes the mobs." Defendant's counsel objected to the above remarks, but the record does not show what ruling, if any, the court made on the objection, therefore, we are not permitted to discuss these very objectionable and prejudicial remarks. We think there is sufficient evidence in support of the verdict; but there is very substantial evidence tending to show defendant was justified under the statute in carrying the revolver, and his defense might have prevailed with the jury had the evidence and cross-examination been kept within legal bounds; in other words, we think prejudicial error intervened on the trial which calls for a reversal of the judgment.

The judgment is reversed and the cause remanded. All concur.