(58 South. 155.)

No. 19,193.

STATE v. LEE.

(March 25, 1912.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW (§ 608*)—CONTINUANCE—APPLICATION—AFFIDAVIT—SUFFICIENCY.

Where defendant, in his application for a continuance on the ground of the absence of a material witness, whom he knew did not reside in the parish, failed to make oath to the materiality of the testimony of the witness and obtain an order of court, as required by Rev. St. § 1036, the application was properly refused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1364–1366; Dec. Dig. § 608.*]

2. CRIMINAL LAW (§§ 419, 420*)—EVIDENCE—HEARSAY.

In a trial for murder the refusal to allow a witness to testify to what had been told her by other persons concerning a difficulty, said to have taken place on the day before the killing, was proper.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 973–983; Dec. Dig. §§ 419, 420.*]

3. WITNESSES (§ 287*)—CROSS-EXAMINATION—RELATION OF WHOLE CONVERSATION.

Where accused, on a cross-examination of a witness for the state, elicited a part of a conversation between himself and the witness, an objection by accused to the witness relating the whole conversation was properly overruled.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 930, 1000–1002; Dec. Dig. § 287.*]

4. CRIMINAL LAW (§§ 419, 420*)—EVIDENCE—HEARSAY—RUMOR AS TO MOTIVE.

In a trial for murder, evidence that "it was currently rumored in the neighborhood at the time of the homicide that the killing occurred over a row between the accused and the deceased on account of a woman" was properly overruled.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1163–1184; Dec. Dig. §§ 419, 420.*]

5. CRIMINAL LAW (§ 338*)—EVIDENCE—RELEVANCY—POSSE'S ABANDONMENT OF SEARCH.

In a trial for murder, evidence tending to prove why a posse of white men, who had gathered in the neighborhood after the homicide to search for the accused, a negro, had abandoned the search was properly excluded.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 752–757, 788, 801, 855; Dec. Dig. § 338.*]

6. CRIMINAL LAW (§ 723*) — TRIAL — ARGUMENT—APPEAL TO RACE PREJUDICE.

On the trial of a negro for murder, the district attorney, in argument, stated "that the brother of deceased, a white man, was present at the trial, had come from the state of Alabama, was from a good family, and his people expected a verdict at the hands of the jury; that if the jury were not to convict this man it will be giving a license to every negro to kill any white man on any pretext, and without excuse"—and the trial court gave no reprimand or caution or instruction to disregard the expressions of the district attorney; the trial court stating that the brother of deceased had testified as to the purpose of his presence, without objection by the defense, and that the district attorney stopped as soon as objection was made. *Held*, that the district attorney's language was an appeal to race prejudice, and reversible error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1676; Dec. Dig. § 723.*]

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; G. H. Couvillon, Judge.

Mack Lee was convicted of murder, and he appeals. Reversed and remanded.

See, also, 127 La. 1077, 54 South. 356.

J. C. Cappel, for appellant. Walter Guion, Atty. Gen., and S. Allen Bordelon, Dist. Atty. (G. A. Gondran, of counsel), for the State.

PROVOSTY, J. The accused, having been convicted of murder, was sentenced to be hanged.

[1] His application for a continuance on the ground of the absence of a material witness was refused, on the ground that, knowing that the witness did not reside in the parish, he failed to make oath to the materiality of the testimony of the witness and obtain an order of court, as required by section 1036, R. S. The ruling was correct.

[2] Another bill of exceptions is to the refusal to allow a witness to testify to what had been told her by other persons concerning a difficulty, said to have taken place on the day before the killing. The ruling was correct.

[3] After having elicited, on cross-examination of a witness for the state, a part of a conversation had between himself and the witness, the accused objected to the witness relating the whole conversation. The court properly overruled the objection.

[4, 5] The court properly excluded testimony to prove that—

"it was currently rumored in the neighborhood at the time of the homicide that the killing occurred over a row between the accused and the deceased on account of a woman."

And also testimony to prove why a posse of white men, who, after the homicide, had gathered at a store of the neighborhood to search for the accused, had abandoned the search and disbanded.

[6] The next bill is short, and can be more briefly disposed of by transcribing it in full, as it speaks for itself. It reads as follows:

"Be it remembered that on the trial of this cause, on the 22d day of November, 1911, the district attorney, in his argument to the jury, used the following language:

"'That the brother of the deceased, a white man, was present at the trial, had come from the state of Alabama, was from a good family, and his people expected a verdict at the hands of the jury; that if the jury were not to convict this man it will be giving a license to every negro to kill any white man on any pretext, and without excuse.' To all of which expression and arguments, counsel for the defendant objected at the time, and reserved a bill. That the district court only remarked that it would listen to counsel, and grant him the right of a bill. No reprimand or caution was given by the court to the district attorney; nor did the judge instruct the jury to disregard the expressions of the district attorney, and made no comment on same, all of which was contrary to law, and done for the purpose, on the part of the prosecuting attorney, to appeal to the prejudice of the jury, on the ground that a negro had killed a white man.

"To which argument and failure on part of the court to instruct the jury, defendant's counsel excepts; the district judge giving the following reasons:

"The brother of the deceased being present in court, and having testified to the purpose of his presence, without objection by the defense, the court considered the argument of the district attorney permissible under the circumstances. And, besides, the district attorney desisted as soon as the attorney for the defense objected."

This bill presents an appeal to race prejudice, and the verdict and judgment must therefore be set aside. This court has repeatedly warned district attorneys against appealing to race prejudice in the trial of negroes.

Judgment and verdict set aside, and the case remanded to be tried according to law.