Roland v. State.

CLARENCE ROLAND *v.* THE STATE.

(*Jackson,* April Term, 1917.)

CRIMINAL LAW.   Argument of counsel.   Appeals to race prejudice.

On the trial of a negro for an assault upon a white woman, a case calculated to excite the passions of the jurors, it was inexcusable for the assistant district attorney in his argument to say, after animadverting upon negro witnesses, that, "even at that, I have more respect for these nigger witnesses than I have for these two white witnesses who have volunteered to come here and testify in favor of a nigger that he has a good reputation," especially where the court merely remarked that the witnesses were not volunteers if they were subpœnaed and failed to take any action on the objection that the statement was an appeal to prejudice.

Cases cited and approved: Hardaway v. State, 99 Miss., 223; Tannehill v. State, 159 Ala., 51; Taylor v. State, 50 Tex. Cr. R. 560; State v. Lee, 130 La., 477; State v. Cook, 132 Mo. App., 167; St. Louis, I. M. & S. R. Co. v. Briggs, 87 Ark., 581; Hardaway v. State, Ann. Cas., 1913D.

FROM SHELBY.

Error to the Criminal Court of Shelby County.— T. W. HARSH, Judge.

BELL, TERRY & BELL, for plaintiff in error.

W. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was convicted of an assault upon a woman at a late hour of the night on the streets of Memphis, and has appealed in error to this court. He is a negro; the woman is white. He denied his guilt and introduced proof of an alibi and several witnesses to sustain his character. The question was on the identity of the assailant.

The situation was one calculated to excite the strongest passions of the jurors—a negro charged with an assault upon a white woman.

It appears that, in addition to several respectable negroes who testified to the character of the plaintiff in error, some white men also appeared in his behalf. After animadverting upon the negro witnesses, the assistant to the district attorney, closing the case for the State, said:

"But even at that, I have more respect for these nigger witnesses than I have for these two white witnesses who have volunteered to come here and testify in favor of a nigger that he has a good reputation."

The following then transpired:

"Whereupon, Mr. Bell, of counsel for defendant, objected to the statement upon the ground that it was an appeal to prejudice, and that the record shows that these witnesses were not volunteers, but had been subpœnaed to attend the court.

Roland v. State.

"Whereupon, the court said: 'If the witnesses were subpœnaed, they were not volunteers.'

"And the Attorney-General proceeded to say: 'What I have said about these two witnesses goes. I would say the same about any white man that would come into court to testify in favor of a nigger if I was going to hell the next minute. The State has nothing to withdraw and nothing to apologize for.'

Whereupon, the defendant's counsel objected, but said objection was not ruled upon; the court saying to the Attorney-General, 'Proceed with your argument.'"

Such an ebullition as this from a State's attorney cannot be overlooked under the circumstances appearing. An appeal to race prejudice on the part of a sworn officer of the State is inexcusable.

If white men who testify in behalf of a negro were to be thus held up to scorn, the inference followed that jurors who voted to acquit a negro were beneath consideration.

Our judges, court officials, and jurors, are uniformly white men. The white race is dominant, and the negroes are, in a sense, our wards. When a negro is on trial, it is the duty of the court and counsel to be at special pains to see that race prejudice is entirely eliminated from all proceedings. Otherwise, justice cannot be attained. All races are equal before the law and have the same rights in our courts. No officer of the State can be allowed to for-

get this, and no language by such officer that tends to arouse race feeling, even though used in heat of argument, can be passed without rebuke.

Such is the unbroken holding of the courts of the Southern States, where, by reason of the large number of negroes, the race question is likely to be most acute. *Hardaway* v. *State,* 99 Miss., 223, 54 South., 833, Ann. Cas., 1913D, 1166; *Tannehill* v. *State,* 159, Ala., 51, 48 South., 662; *Taylor* v. *State,* 50 Tex. Cr. R., 560, 100 S. W., 393; *State* v. *Lee,* 130 La., 477, 58 South. 155; *State* v. *Cook,* 132 Mo. App., 167, 112 S. W., 710; *St. Louis, I. M. & S. R. Co.* v. *Briggs,* 87 Ark., 581, 113 S. W., 644.

Other cases to the same effect are collected in a note to *Hardaway* v. *State,* Ann. Cas., 1913D, 1167. See, also, *Solomon* v. *Stewart,* Ann. Cas., 1917A, 942.

Timely exception was made to the foregoing remarks of the attorney for the State. Counsel stated the ground of his objection to be that the witnesses were not volunteers and that such remarks were an appeal to race prejudice. The court responded to the objection in so far as the State's attorney had referred to the witnesses as volunteers; but, upon the objection being renewed to the subsequent remarks of the State's attorney, the court merely directed that official to proceed with his argument, in effect overruling the exception.

For the reason indicated, this case will be reversed and remanded for a new trial.