**STATE of Missouri, Respondent,**

v.

**Jesse Ray GOFF, Appellant.**

**No. 57589.**

Supreme Court of Missouri,
Division No. 1.

July 16, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Hill & McMullin, Kansas City, for appellant.

HIGGINS, Commissioner.

Jesse Ray Goff was convicted by a jury of the felonious striking of Police Officer Robert Jackson while engaged in the performance of his duties. The jury was unable to agree on defendant's punishment; the court fixed the punishment at five years' imprisonment and rendered sentence and judgment accordingly. § 557.215, RSMo 1969 V.A.M.S.; Rule 27.03, V.A. M.R.

Appellant does not question the sufficiency of evidence to sustain his conviction, and the statement of the victim's testimony from appellant's brief demonstrates the sufficiency of the State's case.

"Robert Jackson testified that he was a member of the Independence Police Department and was on duty at police headquarters on the night in question. When he walked into the booking room he noticed Mr. Goff sitting on the chair; it was obvious to him that he had been maced. He asked Goff if he would like to go out and wash his eyes at which time Goff responded with a string of profanity so the officer ignored him and walked over to the booking desk and was discussing with the booking sergeant matters pertaining to the office. During this time Goff was constantly harassing the police officers who were present by using profanity and offering to fight any individual who would fight him. He moved to Officer Jackson's

left side and began talking in his ear and telling him how he was going to whip him and hurt him. He told Goff he didn't care to hear what he was talking about and suggested that he sit down. At this point Goff grabbed him by the shoulders, spun him around and struck him in the mouth with his fist. It was a severe blow which stunned him. He [Goff] continued to swing and strike out at him; about the only thing the officer could do was cover up and try to protect himself. Because of the condition he was in after the initial blow, he was not able to defend himself other than to put his arms around his head. He received treatment at the Independence Sanitarium Hospital for the injury to his face which was a three-quarter inch laceration completely through the lip and some scratches in the vicinity of a scar on his face. He had trouble with his left eye after this assault, apparently the blood vessel was ruptured. The defendant was known to the police department as a police character. He [Jackson] made no threats of any kind to Goff or did he have, or direct, against him any ill feelings."

Appellant charges the court erred (I–A) "in receiving evidence of other crimes allegedly committed by appellant not charged in the information"; and (II) "in receiving evidence of appellant's attempts to strike other officers and evidence that he exhibited toward them a belligerent, quarrelsome attitude."

From his argument, it appears that these charges are directed at evidence which showed that defendant struck or assaulted Officers Vader and Goeking in an incident which took place away from the police station and preceded the assault upon Officer Jackson, and that he struck or scuffled with Patrolman Potter at the police station following the assault upon Officer Jackson.

■ Appellant did not object to the receipt of this evidence and he made no point of error in its receipt in his motion for new trial. Accordingly the alleged errors have not been preserved for review. Rule 27.20(a), V.A.M.R.

By his Point I–B, appellant seeks review of the foregoing matters as "plain error" under Rule 27.20(c), V.A.M.R. In an effort to meet his burden of showing manifest injustice or miscarriage of justice necessary to relief under the rule, he argues that reception of the evidence of striking Officer Vader and injuring Officer Goeking denied him due process of law.

■ The transcript shows that the defense participated in eliciting the evidence in question. The theory of the defense was embodied in the submission of self-defense. In order to make the defense, defendant permitted a full disclosure of the incidents preceding the charged assault, the assault itself, and the events immediately following. The defense cross-examined in order to detail those matters, and defendant, himself, described them in detail. These obvious trial tactics are not now a basis for relief as "plain error."

Appellant contends (III) that Instruction 3, the State's "main" instruction, was erroneous in that it assumes that at the time of the assault Officer Jackson was actively engaged in the performance of his lawful duties.

■ The contention is overruled because the instruction is, for all practical purposes, identical to the main instruction given, attacked on the same theory, and found free of the asserted error in State v. Rodriguez, 484 S.W.2d 203, 206–207 [1] (Mo. 1972). See also State v. Briggs, 435 S.W.2d 361, 365–366 [6] (Mo.1968); State v. Jacks, 462 S.W.2d 744, 748 [8] (Mo.1970).

■ Finally, appellant contends the penalty of five years, the maximum penalty, was excessive. He argues that a penalty may be unduly severe when predicated in part on incompetent prejudicial evidence.

The difficulty with this argument lies in the absence of the asserted incompetent prejudicial evidence; and it is conceded

that the penalty imposed is within the range provided by law. Accordingly, there is no basis for interference with the punishment assessed. State v. Smith, 445 S. W.2d 326, 331–332 [4–7] (Mo.1969).

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.