**STATE of Missouri, Respondent,**

v.

**Roger C. GORDON, Appellant.**

**No. 57617.**

Supreme Court of Missouri,
Division No. 1.

Oct. 8, 1973.

John C. Danforth, Atty. Gen., Allan Seidel, Asst. Atty. Gen., Jefferson City, for respondent.

Graham W. LaBeaume, Public Defender Bureau, St. Louis, for appellant.

HIGGINS, Commissioner.

Roger Gordon, charged with robbery, first degree, by means of a dangerous and deadly weapon, was convicted by a jury which assessed his punishment at fifteen years' imprisonment. Sentence and judgment were rendered accordingly. §§ 560.-120, 560.135, RSMo 1969, V.A.M.S. (Appeal taken prior to January 1, 1972.)

Appellant does not question the sufficiency of evidence to sustain his conviction; and the evidence would permit the jury to find: that on February 4, 1971, Gertrude Tard was conducting her liquor business, Hawks Package Liquor Store, at 939 Kingshighway, St. Louis, Missouri; that at about 4:00 p. m., three men entered; that one man bought some candy and one ordered some wine; that Mrs. Tard waited on another customer and when she finished, two of the three men confronted her, one with a shotgun, the other with a pistol; that she was told she was being held up and to hand over her money; that she took some $63 from the cash register, put it into a paper bag handed her by her employee, Louizer Moore, and gave it to the third man; that Mrs. Tard identified defendant as the man holding the shotgun during the robbery. Such

evidence made a case of robbery, first degree, by means of a dangerous and deadly weapon.

Appellant contends (I) "The Court erred in overruling defendant's objection to the State's question of Ernest Cannon as to what happened to Johnny Cannon at his trial for the reason that it is irrelevant and prejudicial to the defendant."

It appears that Roger Gordon, Johnny Cannon, and another were charged with the robbery in question, and that defendant Cannon had previously entered a plea of guilty to the charge. Ernest Cannon, brother of Johnny, was called by defendant Gordon on his defense of alibi, and the following appears in the cross-examination of Ernest:

"Q Are you aware that your brother's case was disposed of?

"MR. LaBEAUME: I'll object to that, your Honor, irrelevant.

"THE COURT: Overruled.

"THE WITNESS: Yes, I know what happened to it, if that's what you mean.

"Q (By Mr. Moss) Now as a result of what happened to that case, would you say you are more friendly or less friendly towards Mrs. Tard, who is the complaining witness in this case? A Would you state that again, please? Q Well, let's put it this way: I'll withdraw the question. Do you have any ill feeling towards the complaining witness, Mrs. Tard, as a result of what happened to your brother regarding this case? A No. Q And you have no ill feeling, I assume, towards the prosecuting officials with regard to what happened with your brother with regard to this case. A To what happened with my brother's case would I have anything against them, you mean? Q Yes. A No.

"Q Nothing against the police officer that arrested your brother or that arrested Mr. Gordon, right? A No. I just feel that they was wrong for what they did. Q Even with regard to your brother? A Well, regardless of my brother or not they was wrong for arresting them in Court. He just came down. He didn't do nothing to that lady. Q You're saying that because you were there and you know? A Right. I'm saying that I did know he didn't do nothing like that. Q Were you present at the robbery? A No. I'm saying he was with me. I'm saying that she was wrong for saying he did it."

 As suggested by appellant, it is error generally to show that a jointly accused defendant has been convicted either upon separate trial or guilty plea. State v. Aubuchon, 381 S.W.2d 807 (Mo.1964); State v. Mull, 318 Mo. 647, 300 S.W. 511 (1927); State v. Stetson, 222 S.W. 425 (Mo.1920); State v. Castino, 264 S.W.2d 372 (Mo.1954). However, bias or prejudice in favor of or against a party to any action may properly be shown on the credibility of the witness. State v. Curry, 372 S.W.2d 1 (Mo.1963); State v. Foster, 338 S.W.2d 892 (Mo.1960). In this case the witness was not only friendly to defendant, he was the brother of a codefendant, and his reaction to the outcome of his brother's charge was admissible on his credibility and interest in the outcome of this case. The defense could have asked, but did not, for an instruction limiting the effect of such evidence, and its admission for the suggested purpose, under the circumstances, was not erroneous.

Appellant contends (II) "The Court erred in overruling defendant's objection to the State's reference to the scene of the alleged crime as to being a 'high crime area' because there was no testimony * * * as to whether the area was in fact a 'high crime area.' * * * this reference was highly prejudicial to defendant."

The argument in question follows:

"MR. MOSS: I'm sure you're aware of the area of the Hawks Liquor Store and the general area there—and you saw the pictures. There's apparently some kind of problem there as you noticed there are cyclone fence on the windows. Does that indicate anything to you about high crime rate, perhaps, in there? MR. LaBEAUME: I object to that. There's no evidence of that. It's irrelevant as to that. THE COURT: Overruled."

Appellant argues: "By allowing this argument the Court allowed the state to give the impression that if the defendant were not convicted the high crime rate would continue. This was done without any evidence."

The absence, if so, of evidence on crime rate in the area involved is immaterial because the prosecution has a right to call attention to the prevalence of crime in a community and to argue that a defendant on trial should be convicted in order that others of like mind might be deterred from criminal activity. State v. Cheek, 413 S. W.2d 231 (Mo.1967); State v. Pruitt, 479 S.W.2d 785, 790–791 [9–11] (Mo. banc 1972); State v. McKinney, 475 S.W.2d 51, 55 [5] (Mo.1971); State v. Elbert, 438 S. W.2d 164, 166 [4] (Mo.1969). Accordingly, the court did not abuse its discretion in control of the argument, State v. Jewell, 473 S.W.2d 734, 741 (Mo.1971), in overruling defendant's objection.

Judgment affirmed.

WELBORN, C., not sitting.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

BARDGETT, P. J., and HOLMAN, J., concur.

SEILER, J., concurs in result.