STATE of Missouri, Plaintiff-Respondent,

v.

Robert FRANKLIN, Defendant-Appellant.

No. 36179.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 22, 1975.

Charles D. Kitchin, Public Defender, John F. Bauer, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Clarence Thomas, Asst. Atty. Gen., Brendan Ryan, Circuit Atty., J. Paul Allred, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

By its verdict, a jury found defendant, Robert Franklin, guilty of robbery in the first degree by means of a dangerous and deadly weapon. § 560.135, RSMo 1969, V.A.M.S. Upon determining the defendant had committed a prior felony, the court sentenced him to forty-five years imprisonment.

On August 17, 1973, defendant and another black male, both wearing yellow hard hats, entered Little Bit's Tavern at 923 South Grand in St. Louis. Soon after ordering a beer, the defendant pulled a gun

on the tavern owner, Mrs. Carrol Reason, and announced, " 'This is a stick-up.' " The robbers directed all nine occupants of the tavern, including the owner, her husband, the bartender, and customers, into a back room. After ordering everyone to lie down and demanding their wallets, the two men locked the door and left. Mrs. Reason immediately checked the cash register and another drawer which held money for cashing checks, and discovered $5,200.00 was missing. Mr. Reason and a customer attempted to chase the men, without success. The police accompanied Mrs. Reason through a nearby factory to look at the personnel since an unidentified man stated he had seen two black men wearing yellow hard hats enter the factory. Upon leaving the factory, the tavern owner identified a Mr. Brewster as one of the men who had just robbed her tavern. Later that same day Brewster was identified by four other victims of the robbery.

The following Monday, August 20, 1973, the defendant was stopped by police officers for driving a car without a properly illuminated license plate. He gave a false name and driver's license to the police officer. The officers "padded down" the defendant-driver and another male passenger for weapons, and requested that a female passenger, Brenda Cook, empty her purse. The defendant and the male passenger were allowed to go after fixing the license plate light, but Brenda Cook was arrested. In her purse were three men's wallets belonging to three victims of the Little Bit's robbery. Brenda Cook initially lied, telling the police she had loaned her purse to a friend, but later admitted to having found the wallets on the car floor of the automobile belonging to defendant's mother. Defendant was arrested on August 23, 1973, and identified in a line-up that day by Mrs. Reason and four of the other robbery victims. All conceded their earlier identification of Brewster was incorrect.

Defendant's first point on appeal alleges the trial court erred in overruling counsel's objections to numerous comments in the prosecutor's closing argument which he charges were irrelevant, immaterial, prejudicial, lacking in probative value, and referred to facts not in evidence.

Prior to a search for error upon such a charge, we recite another generalization. Questions of propriety of oral argument are addressed to the discretion of the trial court and reversal occurs only upon abuse of such discretion. *State v. Jewell*, 473 S.W.2d 734, 741[8] (Mo.1971); *State v. McCreary*, 504 S.W.2d 132, 136[12] (Mo.App.1973).

Initially, defendant contends the assistant circuit attorney's recommendation to the jury to consider the testimony by a method outlined in a book authored by Dr. Marshall Rosenburg should not have been permitted because the book was not in evidence. We find no prejudicial error in the mere mentioning of this book. The assistant circuit attorney was merely crediting Dr. Rosenburg for a "common-sense" approach of sifting through data in order to make a reasoned decision.

Defendant further argues that the prosecutor, as was here done, cannot instruct the jury on how to weigh the evidence in any manner. This argument is not properly before the court since it was not raised in defendant's objection at trial, nor in his motion for new trial. *State v. Stevens*, 467 S.W.2d 10, 19–20[7] (Mo.1971), *cert. denied*, 404 U.S. 994, 92 S.Ct. 531, 30 L.Ed.2d 546 (1971); Rule 27.20(a).

Defendant next asserts that the prosecutor's comment, that Brenda Cook's reason for lying to the police about where she got the wallets belonging to the three robbery victims was to "protect" the defendant, was improper argument on facts not in evidence, and not a permissible inference. We disagree. The prosecutor has the right to comment on the evidence and credibility of witnesses from the state's viewpoint. *State v. Cage*, 452 S.W.2d 125, 130[6] (Mo.1970). The evidence demonstrated that Brenda Cook accompanied the defendant to

the robbery and that she "liked the defendant" and subsequently had visited him in jail. Thus, the inference by the assistant circuit attorney that Brenda Cook's lie was to protect the defendant was not unreasonable. In addition, establishing Brenda Cook's credibility was crucial to the state. Therefore, allowing the prosecutor to thus infer in order to explain her original lie to the police was not error. *State v. Sallee,* 436 S.W.2d 246, 254[18] (Mo.1969).

Defendant also alleges trial court error for permitting the prosecutor to read from an alleged police report not in evidence. Here, in an effort to rebut defense counsel's statement in his closing argument that only Brenda Cook had mentioned a parking lot in the vicinity of the tavern, the assistant circuit attorney reminded the jury that one of the robbery witnesses, who had attempted to chase the robbers, had also mentioned the lot. The defendant objected for the reason that the prosecutor was reading from a police report not in evidence. The objection was overruled. No proof was made that the prosecutor was reading from any paper. The record shows a "lot" was mentioned in the testimony of two witnesses. The assistant circuit attorney, therefore, was within the limits of permissible comment on the evidence.

■ Defendant contends prejudicial error also occurred when the prosecutor commented on Brenda Cook's possession of the wallets. He said, "You can figure out for yourself why people like to keep wallets like—by the way, they are a false form of identification for many purposes." This comment, however, was supported by the evidence since the defendant had used false identification when stopped by police for the improperly illuminated license plate. It therefore was a legitimate inference from the evidence.

■ The fifth statement by the circuit attorney, which defendant contends was prejudicial error, was that Brenda Cook lied to visit the defendant in jail and "he [the defendant] knows he's only supposed to see relatives." The objection which followed was sustained and the remark was ordered stricken. But defendant's motion for a mistrial on this point was denied. Although, concededly, this comment was not relevant or within the scope of the evidence, neither does it appear so prejudicial as to require the drastic remedy of a mistrial.

■ The declaration of a mistrial necessarily and properly rests largely in the discretion of the trial court who observed the incident giving rise to the request. The trial court weighs the prejudicial effect and determines, in the exercise of a sound discretion, whether to grant or deny the request. An appellate court will not reverse on such a ground unless it finds this discretion was abused. *State v. Duncan,* 499 S.W.2d 476, 479[6–9] (Mo.1973); *State v. Schlagel,* 490 S.W.2d 81, 85[5, 6] (Mo.1973).

■ Defendant's sixth ground to sustain his first point is that the trial court erred in overruling defendant's objection to an allegedly "disparaging remark" directed toward the defense attorney. We find this argument to be without merit since the prosecutor's statement was retaliatory and without prejudice. The disputed statement, "Well, you know people—defense lawyers discuss these cases like eveybody in the world is the same", was a logical and harmless comment considered within the context of his entire argument that all persons do not have the same recollection of an occurrence. Moreover, since the defense counsel, in his closing argument, emphasized the misidentification and inconsistencies among the witnesses present during the robbery, the remark was in retaliation to this attack on the state's witnesses. As such, it was not manifestly prejudicial. *State v. Swing,* 391 S.W.2d 262, 264[2] (Mo.1965).

■ The final comment defendant attacks was the assistant circuit attorney's remark that, "The victims of eighty-five per cent of crime in the City are the people who have to live in the black areas or do live there." The prosecuting attorney may

argue for the necessity of law enforcement due to the prevalence of crime in a community, even in the absence of evidence of the crime rate in the named area. *State v. Gordon*, 499 S.W.2d 512, 515[6] (Mo.1973). We find no merit in defendant's contention that this plea was not merely one for strict law enforcement but rather an "incitement to racial prejudice."

Defendant cites numerous cases to support his proposition that counsels' closing arguments must be confined to the record and a deviation by the prosecutor will result in a reversal. Without negating this proposition we merely note the precedents defendant cites for support are not apposite to the circumstances of this case. In defendant's authorities, the courts found the prosecutors' statements to be "deliberate efforts" to "inflame the passions of the jury." See *State v. Spencer*, 307 S.W.2d 440, 445 (Mo.1957); *State v. Mayberry*, 360 Mo. 35, 226 S.W.2d 725, 729 (1950); *State v. Snow*, 306 Mo. 509, 252 S.W. 629, 632 (1923); *State v. Hyde*, 234 Mo. 200, 136 S.W. 316, 333 (1911). Although we must not commend the assistant circuit attorney's variance from the evidence in his closing statements, we cannot find his statements to be imflammatory. Prejudice must occur to justify a reversal and in the case presently before us, the minor deviations cannot be said to be prejudicial. *State v. Barron*, 465 S.W.2d 523, 528[7] (Mo.1971).

Defendant's second point on appeal alleges that the trial court erred in overruling defendant's objections and in failing to declare a mistrial in regard to numerous questions asked of Brenda Cook by the prosecution. Defendant asserts the questions assumed facts not in evidence, impeached the state's own witness without a proper foundation, were highly prejudicial, and denied the defendant his right of confrontation and cross-examination. Contrary to defendant's contention, that which transpired was not impeachment; rather the witness was being treated as a reluctant witness. There is little doubt that Brenda Cook was reluctant to testify against the defendant. She did not appear at trial willingly, but had to be taken into custody after avoiding her subpoena. Under such circumstances the trial court judge did not err in permitting the state to ask leading questions of its own witness. *State v. Kinne*, 372 S.W.2d 62, 66[2] (Mo.1963). Furthermore, as the state points out, it certainly did not want to impeach its key witness by attacking her credibility, but instead wished the jury to believe her.

Defendant relies on *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965) and *State v. Rogers*, 473 S.W.2d 710 (Mo.1971), in charging that the prosecutor's questions, which referred to prior conversations with the witness but not admitted by the witness, denied the defendant his constitutional right to confrontation and cross-examination. These cases can be readily distinguished from the situation before us. In *Douglas* the witness did not deny prior statements but refused to answer the questions entirely, relying on his Fifth Amendment privilege against self-incrimination. Also, the witness' prior testimony in *Douglas* "constituted the only direct evidence" of an important element the state had to prove. That is not the situation in this case. *Rogers* is also distinguished by the amount of detail which the prosecutor in that case disclosed about the witness' prior conversation. Unlike the prosecutor in *Rogers*, the assistant circuit attorney in this case did not reveal the substantive details of the witness' prior conversations so as to deny the defendant's right of cross-examination. Additionally, the record demonstrates a thorough cross-examination was conducted by defense counsel. Again we note that a mistrial only results from grievous error with prejudice to the defendant. It has not been shown that the prosecutor's use of leading questions here reached that point.

The defendant also challenges the colloquy between the assistant circuit attorney and Brenda Cook in which questions were directed to her awareness of a

duty to tell the truth and her knowledge of perjury charges. Even if such testimony was irrelevant and immaterial as defendant contends, the general rule is that a judgment cannot be reversed because of the admission of irrelevant and immaterial evidence which is clearly not prejudicial. *State v. Talbert,* 454 S.W.2d 1, 3[4] (Mo. 1970). For this same reason we find defendant's third point on appeal lacking in merit. Here defendant submits that the court erred in allowing the assistant circuit attorney to question Brenda Cook regarding conversations she had with the defendant's mother and Mrs. Carrol Reason, the tavern owner. Defendant, however, offers no explanation about how he was prejudiced by this testimony.

The final point on appeal alleges error in allowing testimony with regard to police procedures in printing identification photographs of arrested persons because it indicated the defendant had a prior criminal record. Due to the initial misidentification of the first suspect, identity was an especially significant issue in this case. It was therefore crucial to the state's case to explain the misidentification by showing the resemblance between the defendant and the first suspect. However, due to the pictures introduced of the two men, the defendant's skin appeared lighter than that of the misidentified man. Thus, a police officer was called on to explain that the photographic process used to make a picture from an old photograph accounted for what appeared to be a difference in skin color. Clearly the testimony was relevant and material in explaining the early misidentification and the later accurate identification of the defendant. *State v. Crossman,* 464 S.W.2d 36, 41[3] (Mo.1971); *State v. Holmes,* 389 S.W.2d 30, 34[5] (Mo.1965). It is also recognized that there was no direct testimony given about the defendant having committed a prior crime.

Defendant also contends that the police officer was not an expert in photography and should not have been permitted to testify about the processing of photographs. This contention was not raised at trial nor in defendant's motion for a new trial and therefore cannot be raised for the first time on appeal. Rule 27.20(a); *State v. Goff,* 496 S.W.2d 820, 821[1] (Mo.1973).

Finding no prejudicial error occurred in defendant's trial, we affirm the defendant's conviction.

The judgment is affirmed.

DOWD and RENDLEN, JJ., concur.