Robert FRANKLIN, Appellant,

v.

STATE of Missouri, Respondent.

No. 39936.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 17, 1978.

Neal P. Murphy, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., Joseph W. Warzycki, St. Louis, for respondent.

CLEMENS, Judge.

After an evidentiary hearing on defendant's Rule 27.26 motion the trial court denied relief and defendant has appealed. We affirm.

Defendant's only point relied on charges ineffective assistance of trial counsel in failing to challenge the charged prior conviction for tampering with a motor vehicle which subjected defendant to trial as a second offender. He contends the previously charged offense was *not a felony* and therefore not a valid basis for applying the second offender act.

The present conviction arose from a guilty verdict on an armed robbery charge, with application of the second offender act by the trial court. That judgment was affirmed on appeal which did not raise the issue of a prior conviction. See *State v. Franklin*, 526 S.W.2d 86 (Mo.App.1975).

The trial court made findings of fact and conclusions of law in denying defendant's Rule 27.26 motion. We paraphrase the trial court's reasoning and adopt it as our own:

Defendant contends that since the substitute information failed to characterize his prior conviction of tampering with a motor vehicle as a felony, and since the trial court's finding also failed to do so and he was not sentenced to the penitentiary, there is no evidence he was previously convicted under Subsection 1 of Section 560.175 [a felony], as opposed to Subsections 2 or 4 [misdemeanors]. . . Taking judicial notice of the files and records of this court, it appears that on October 23, 1964, movant pleaded guilty to tampering with a motor vehicle as charged in these words: "That Robert Franklin . . . unlawfully, wilfully *and feloniously* did improperly interfere and tamper with a certain motor vehicle, to-wit: . . . by breaking vent window, of said motor vehicle, without permission so to do . . . ." Not only does the prior information expressly describe the offense to have been committed 'feloniously' but the act constituting the offense "breaking the vent window" clearly falls only within the purview of the word "tamper" in felony Subsection 1 of the statute. Therefore, the fact that the use of the word "felony" was overlooked in the substitute information in the present case and in the finding made by the trial court therein was not, in fact, prejudicial to movant and does not consti-

tute an infirmity requiring the vacation of the judgment therein. A procedural error without prejudice is not grounds for reversal. *State v. Brown,* 554 [S.W.2d 574] (Mo.App.1977).

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.