**Robert FRANKLIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43008.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Thomas J. Frawley, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from denial of a petition for a writ of error coram nobis. Appellant sought to set aside a 1964 conviction for tampering with a motor vehicle that triggered the Second Offender's Act in sentencing appellant for armed robbery in 1974. We affirm.

In October of 1964, Franklin pled guilty to a charge of tampering with a motor vehicle, for which he received and served a sentence of nine months. In April of 1974, appellant was convicted of first degree robbery. Because of his "tampering" conviction, appellant was sentenced under the Second Offender Act, § 556.280, RSMo. 1969, to 45 years in the state penitentiary. That conviction and sentence were affirmed by this court in *State v. Franklin*, 526 S.W.2d 86 (Mo.App.1975).

In January of 1977, appellant filed a motion pursuant to Rule 27.26 attacking the conviction and sentence for robbery. In that motion Franklin alleged the Second Offender Act had been improperly applied because the tampering conviction was not a felony conviction. He also alleged that he was denied effective assistance of counsel at the 1974 trial. The trial court overruled that motion and we affirmed in *Franklin v. State*, 572 S.W.2d 897 (Mo.App.1978).

On November 14, 1979, appellant filed a petition for a writ of error coram nobis attacking the tampering conviction on three grounds. First, he alleges the tampering charge was not a felony; next he alleges his guilty plea was due to ineffective assistance of counsel; finally he claims he was denied effective assistance of counsel when these claims were not pressed at the robbery trial and subsequent appeal. On March 17, 1980, the trial court denied the petition. Appellant alleges it was error to deny the petition without an evidentiary hearing.

The procedure to be followed in a petition for a writ of coram nobis is prescribed by Rule 27.26. *Hindman v. Crouch*, 560 S.W.2d 874, 875 (Mo. banc 1978). Accordingly, we will affirm the trial court's denial of such a petition unless it is clearly erroneous. *Chrisco v. State*, 586 S.W.2d 407, 410 (Mo.App.1979); Rule 27.26(j).

We previously decided the tampering conviction is a felony conviction in *Franklin v. State*, 572 S.W.2d 897 (Mo.App. 1978). In the same proceeding, we affirmed the trial court's ruling that appellant was not denied effective assistance of counsel at the robbery trial. Matters determined adversely to an appellant on an earlier Rule 27.26 motion are res judicata, hence a hearing on those matters is not required. *Frost v. State*, 589 S.W.2d 370, 371 (Mo. App.1979).

Appellant waived his challenges to the tampering conviction by failing to assert it in the 1974 robbery trial and subsequent appeal. *Hampton v. State*, 600 S.W.2d 191, 192 (Mo.App.1980); *Arnold v. State*, 552 S.W.2d 286, 293 (Mo.App.1977). The tampering conviction was pleaded and tried as part of his robbery conviction. Hence, an evidentiary hearing on that issue would serve no purpose.

The burden is on the prisoner to show why any ground for relief could not have been raised in the prior motion. Rule 27.-26(d). Appellant presents no reason why he could not have challenged the voluntariness of his guilty plea to the tampering charge in his earlier Rule 27.26 motion. Thus, the trial court properly denied his petition.

The judgment of the trial court is not clearly erroneous.

Affirmed.

REINHARD and SNYDER, JJ., concur.