**STATE of Missouri, Respondent,**

v.

**Don Spencer LEE, a/k/a Charles Hembrich, Appellant.**

**No. 42918.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 14, 1981.

Joseph W. Downey, James Porter, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Mark W. Comley, Kristie Green, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from a conviction by a jury of burglary in the second degree, in violation of § 569.170, RSMo. 1978 for which defendant was sentenced to seven (7) years imprisonment. We affirm.

On July 16, 1979, defendant broke into a private residence on Laura Street, City of St. Louis, Missouri and removed personal property including three televisions, a radio, clothing, a rifle, a coin collection and two cameras. Although the victims were at work when the burglary took place, the police were able to identify defendant by fingerprints found at the defendant's point of entry. On April 8, 1980, defendant was tried for burglary in the second degree and convicted.

Defendant appeals his conviction alleging error in the trial court's failure to sustain his objection to the prosecution's closing argument wherein the prosecutor stated, as follows:

> Why no photographs, he stands there and argues to you, and asks me to answer the question of 'why no photographs.' And when Salamone [police officer who had testified for the state] said if there is no arrest you don't take photographs, it cost

too darn much money, and silver is too expensive, and we have too many calls. How many burglaries do you think they solve in the City of St. Louis?

Defense counsel objected but was over-ruled.

 The trial court did not abuse its wide discretion in failing to sustain defendant's objection. Defense counsel made numerous references in closing argument to the lack of photographs in evidence. It was, therefore, defendant's closing argument which provoked the prosecutor's remark. Defendant may not provoke a reply and then assert error therein. *State v. Kirksey*, 528 S.W.2d 536, 538 (Mo.App.1975); see, *State v. Rapheld*, 587 S.W.2d 881, 894 (Mo.App.1979).

Defendant complains that the prosecutor's reference to the number of burglaries aroused and inflamed the jury. We disagree. The prosecution's remark was retaliatory in nature and properly directed the jury's attention to the "prevalence of crime in a community." *State v. Gordon*, 499 S.W.2d 512, 515 (Mo.1973).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.