STATE of Missouri, Plaintiff-Respondent,

v.

James NOEL, Defendant-Appellant.

No. 48952.

Missouri Court of Appeals, Eastern District, Division One.

June 25, 1985.

William T. Burnet, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

A jury found defendant guilty of capital murder, § 565.001 RSMo 1978. Defendant was sentenced to life imprisonment without eligibility for probation or parole for fifty years. Defendant does not challenge the sufficiency of the evidence but bases his appeal on a claim that the trial court erred in overruling his objection to remarks made by the state in its closing argument. We affirm.

The evidence reveals that on September 5, 1983 the victim, Ephriam Todd, was at a family barbecue. The defendant who had been a boyfriend of the victim's sister, drove up to the parking lot at the Todd's apartment and beckoned Ephriam to come over to him. Ephriam went to the defendant who then stabbed Ephriam in the chest. He was dead on arrival at the City Hospital. At about 10:00 p.m. defendant went to the 9th District Police Station and said "I'm wanted." When asked what he was wanted for defendant responded, "I just stabbed a guy." The state's evidence included testimony from fourteen witnesses who testified to the relationship between defendant and the Todd family and the incident on September 5, 1983. Defendant said that he stabbed Ephriam in self-defense. Only one other witness was called for defendant and testified to defendant's general reputation in the community.

Defendant's sole point attacks the state's remarks on closing argument that "[n]inety percent of all murders are committed by blacks on blacks," and "[i]ts time to say 'We're not going to allow this kind of conduct to go on in our city anymore.'" The objection was made only to the first part of the comment. We review the entire quote for the sake of completeness and to give defendant the benefit of the doubt on the scope of his objection.

Broad discretion rests with the trial court in the control of closing argument, with wide latitude accorded counsel in their summation. *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982). The rule is well established in Missouri that "[t]he prosecuting attorney may argue for the necessity of law enforcement due to the prevalence of crime in a community, even in the absence of evidence of the crime rate in the named area." *State v. Franklin,* 526 S.W.2d 86, 90 (Mo.App.1975). *See State v. Olds,* 603 S.W.2d 501, 511 (Mo. banc 1980); *State v.*

*Gordon,* 499 S.W.2d 512, 515 (Mo.1973); and *State v. Holt,* 660 S.W.2d 735, 738 (Mo.App.1983). Defendant did not object to the argument on the ground that it was not supported by evidence or on the ground that the argument was premised on facts which were inaccurate. Defendant's argument is therefore narrow in scope.

■ Defendant contends the comments were prejudicial because they constituted improper use of mathematical data and were made to evoke racial prejudices of the jury. Defendant's mathematical data argument is based on an article written by Professor Tribe *Trial by Mathematics,* 84 Harv.L.Rev. 1329 (1971), which considers the accuracy, appropriateness, and possible dangers of utilizing mathematical methods in the legal process. In light of our holding in *Franklin* we find no application of Professor Tribe's article to the instant case.

Defendant also relies on *State v. Jackson,* 336 Mo. 1069, 83 S.W.2d 87 (1935) and *State v. Cook,* 132 Mo.App. 167, 112 S.W. 710 (Mo.App.1908). These cases merely hold that appeals to racial prejudice are prejudicial and many times have been held reversible error. Neither of these decisions compel the result defendant argues. In *Jackson* the court reversed on other grounds but addressed this issue and found merit in an objection to an argument that included " '[a] black man assaulting a white woman in a vacant house at an early hour in the morning.' " *Id.* at 94. In the court's opinion the remarks complained of were open to objection. However, the court said "[w]here the color or race of the parties has a factual bearing on the issues, a reference thereto comes within the range of legitimate argument." *Id.* In the present case the deceased and the defendant were both black as may be surmised from the argument. It follows that the argument did not inject race into the case or automatically appeal to racial prejudice within the jury, if there was any.

In *State v. Cook,* this court reversed a conviction for carrying a concealed weapon. Defendant, a black man, admitted carrying the weapon but denied it was concealed and offered evidence of justification. The defendant contended that the weapon was necessary to protect himself against a mob of whites. The court held the following argument reversible error: "What causes white people to rise in a mob in a community? It's a white jury backing up a burly negro in such offenses as packing a pistol. The experience you all have had is that such dives as this defendant was running causes the mobs." *Id.* at 711. The argument made reference to the operation of a club by defendant and others where illegal sale of liquor may have occurred. The court found these comments objectionable and prejudicial. It also found, however, that defendant may have been justified in carrying the weapon and that his defense might have prevailed with the jury had "... the evidence and cross-examination been kept within legal bounds." *Id.*

In the present case the evidence was overwhelming and the remark was not a direct appeal to a white jury to convict a black man. It was rather a comment that the deceased was entitled to the same consideration and protection as any other citizen. The argument was not a "black on white" appeal to racial prejudice. We believe this case is substantially the same as *State v. Franklin* where an argument for the necessity of law enforcement due to the prevalence of crime was approved and defendant's contention that the argument was an "incitement to racial prejudice" was rejected. In light of the overwhelming evidence against the defendant and the posture of the state's closing argument we do not find the prosecutor's statements to be inflammatory or so prejudicial as to require reversal. *Franklin,* 526 S.W.2d at 91.

Judgment affirmed.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.