Chapter 211 does not define a physical custodian. Moreover, § 211.021(6)(a) RSMo 1986 does not permit a finding that L.T. and D.T. are foster parents. Foster parents are defined as non-relatives. Accordingly, we conclude custodian's claim, as physical custodians, is not based upon any provisions of Chapter 211. Their status was subordinate to the rights and obligations of the Division. L.T. and D.T. were not legally obligated to continue as physical custodians and were free to return R.M.P. to the Division at any time. They exercised this option with R.M.P.'s teenage sister.

We have carefully examined the entire record presented with the appeal. There is no apparent reason discernable from the record why the court chose not to permit L.T. and D.T. to participate in the proceedings on juvenile officer's motion to modify. They were relatives and physical custodians under the previous order of the court. However, they did not request and the court did not deny permissive intervention under Rule 52.12(b).

Motion of deputy juvenile officer to dismiss this appeal is sustained.

CRIST and CRANE, JJ., concur.

PER CURIAM.

Movant appeals from the denial of his Rule 27.26 (now repealed) motion.

Movant was convicted of first degree murder and was sentenced to life imprisonment. His conviction was affirmed. *State v. Noel*, 693 S.W.2d 317 (Mo.App.E.D.1985).

Movant filed a *pro se* motion and two amended motions. His counsel filed an amended motion. An evidentiary hearing was conducted.

Movant's sole point on appeal alleges failure of his post-conviction relief counsel to interview potential and actual witnesses for movant's hearing. A "post-conviction proceeding cannot be used to challenge the effectiveness of counsel in the post-conviction proceeding," *Sloan v. State*, 779 S.W.2d 580, 583 (Mo. banc 1989), unless there has been complete abandonment by counsel. *Parker v. State*, 785 S.W.2d 313 (Mo.App.E.D.1990). Here, movant was not abandoned, as his counsel filed an amended motion and represented him at his evidentiary hearing.

An extended opinion would have no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).

**James NOEL, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 58472.

Missouri Court of Appeals, Eastern District, Division One.

June 28, 1991.

**Lucille BAUMGARTNER, Plaintiff–Appellant,**

v.

**BI–STATE DEVELOPMENT AGENCY, Defendant–Respondent.**

No. 58636.

Missouri Court of Appeals, Eastern District, Division Three.

June 28, 1991.

Loyce Hamilton, St. Louis, for appellant.
William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.