Donnie Ray McCORMICK,
Defendant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 35869.

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 8, 1975.

Motion for Rehearing or Transfer to Supreme Court Denied May 19, 1975.

Application to Transfer Denied July 14, 1975.

 

John C. Danforth, Atty. Gen., K. Preston Dean, II, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, John C. Briscoe, Pros. Atty., Ralls County, New London, James Millan, Pros. Atty., Pike County, Bowling Green, for defendant-appellant.

William B. Spaun, Hannibal, for plaintiff-respondent.

GUNN, Judge.

Defendant appeals from a denial of his application for writ of error coram nobis which was filed to vacate a judgment entered March 16, 1962. The judgment of March 16, 1962 was based on defendant's pleas of guilty to charges of breaking and entering and stealing. Defendant was sentenced to a term of two years for breaking and entering, and a penalty of two years was assessed for stealing, with the sentences to run concurrently. He was granted a "bench" parole which was revoked in November, 1963, and the sentences were served. On February 28, 1967, after trial as a second offender, defendant was found guilty of first degree murder and sentenced to life imprisonment. In support of his application for writ of error coram nobis, defendant asserts that he was not represented by counsel at the time he pleaded guilty to the charges on March 16, 1962; that under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the convictions for breaking and entering and stealing stand as invalid as a basis for trying defendant as a second offender on the first degree murder charge in 1967. We disagree with defendant's position and affirm the trial court's action in denying defendant's application.

Defendant's use of coram nobis as the vehicle for attacking the validity of a sentence already served is correct. State v. Crow, 475 S.W.2d 71 (Mo.1972); Stoner v. State, 507 S.W.2d 80 (Mo.App.1974). But the defendant has the burden of proof for relief by the preponderance of the evidence to set aside his plea of guilty and vacate the conviction. Deckard v. State, 492 S.W.2d 400 (Mo.App.1973). In this case, defendant's application for relief through coram nobis must fail for two separate reasons.

First, the defendant "must demonstrate that he is suffering from present adverse legal circumstances in order to invoke coram nobis relief from a sentence already served." Deckard v. State, supra, 492 S.W.2d at 403. The defendant must also show that he will achieve some benefit from the relief sought. Powell v. State, 495 S.W.2d 633 (Mo. banc 1973). Here, the defendant can show neither present adverse legal circumstances nor that coram nobis would provide relief for him. In 1967, defendant was convicted of murder in the first degree and sentenced under § 559.030 RSMo, V.A.M.S., to life imprisonment, which is the minimum sentence for first degree murder. McClain v. State, 448 S.W.2d 599 (Mo.1970); State v. Floyd, 403 S.W.2d 613 (Mo.1966). Assuming arguendo, that the relief sought would be granted and the 1962 conviction vacated, defendant's position is not improved. Life imprisonment would have been imposed for the 1967 first degree murder conviction—second offender or not. Since defendant cannot suffer from any present adverse legal circumstances resulting from the 1962 conviction, there was no error in the trial court's denial of the application for writ of error coram nobis.

Powell v. State, supra; Stoner v. State, supra.

■■ Second, defendant's assertion that his waiver of counsel at his 1962 guilty plea was not voluntary or intelligently made as "his intelligence and education gave him no guide in this unfamiliar milieu" facing a criminal charge is also untenable. While the State must demonstrate that there has been a knowing and intelligent waiver of counsel at the time a plea of guilty is entered, Morris v. State, 456 S.W.2d 289 (Mo. 1970), the record here firmly establishes that defendant did knowingly and intelligently waive his right to counsel at the time of his plea of guilty in 1962. The record shows that the defendant had previous experience, prior to 1962, with court proceedings and pleas of guilty on his part on other charges; that in response to questioning by the court, defendant acknowledged that he had the right to an attorney and wanted to waive that right and enter his plea of guilty. Defendant was not unfamiliar with the purpose and procedure for appointment of counsel. On the record before us we find that the waiver of counsel by defendant at the 1962 proceeding was knowingly, voluntarily and intelligently made. See Powell v. State, supra.

We find that the trial court was not erroneous in denying defendant's application for a writ of coram nobis and affirm the judgment.

SIMEONE, P. J., and McMILLIAN, J., concur.