Samuel MONTGOMERY, Movant, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 36308, 36134.

Missouri Court of Appeals, St.Louis District, Division Four.

Aug. 26, 1975.

Motion for Rehearing or Transfer Denied Oct. 22, 1975.

Charles D. Kitchin, Public Defender, James C. Jones, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Daniel J. Murphy, Asst. Circuit Atty., St. Louis, for respondent.

SMITH, Chief Judge.

Samuel Montgomery appeals from the action of the trial court in denying two post-conviction motions of movant. Montgomery is currently serving a 35 year term for assault with intent to kill with malice imposed following jury trial in 1961. The punishment was assessed by the trial court under the Second Offender Act (Sec. 556.-280, R.S.Mo.1969), following the court's finding that Montgomery had previously been convicted in 1953 of Murder Second Degree. That conviction was the product of a plea of guilty and resulted in a ten year sentence from which defendant was discharged in 1959 after serving six and one-half years.

█ Movant's first motion before us seeks to set aside the plea of guilty entered in 1953. Since the sentence has long since been served, the trial court properly treated this motion as an application for a writ of error coram nobis. See *Laster v. State*, 461 S.W.2d 839 (Mo.1971) [1]. Movant's second motion before us is a Rule 27.26 motion seeking to set aside the 1961 conviction because movant was not a second offender and therefore was entitled to have the jury determine his punishment. Obviously, the relief sought by movant in the second motion is contingent upon him prevailing on the first.

Movant's 1961 conviction was reviewed by the Supreme Court on appeal in 1963 and 1968. See *State v. Montgomery*, 370 S.W.2d 316 (Mo.1963) and *State v. Montgomery*, 424 S.W.2d 744 (Mo.1968). No contention was made on either appeal that the trial court's finding that the movant was a second offender was erroneous. Movant also had previously filed a 27.26 motion attacking the 1961 conviction, which motion was denied and which denial was affirmed by the Supreme Court. See *Montgomery v. State*, 461 S.W.2d 844 (Mo.1971).

█ The only matters raised before this court involve the validity of the 1953 conviction and its effect upon the 1961 conviction. The attack against the 1953 conviction is two-fold: (1) The proceedings took place in the judge's chambers and not in open court and (2) the plea was not voluntarily made because an inadequate questioning and explanation of defendant's rights occurred. We have some substantial doubts that either of these matters entitled movant to an evidentiary hearing. The underlying basis of both movant's motions is to set aside the 1961 conviction. Whether defendant was a second offender at the time of that conviction was a question of fact to be determined by the trial court in that proceeding. See *State v. Thomas*, 452 S.W.2d 160 (Mo.1970) [7]; *State v. Garrett*, 435 S.W.2d 662 (Mo.1968) [2, 3, 4]. If as a matter of fact or law the evidence failed to support that finding, the matter should have been preserved for and raised on appeal. Whether the plea of guilty was voluntary and whether it was taken in open court are not questions determined by Constitutional doctrines established subsequent to the appeal of the second conviction. They could and should have been raised on

appeal from that conviction, and Rule 27.26 is not designed as a method of appellate review.[1]

The trial court, however, held a full evidentiary hearing and Judge Harold Satz prepared an extensive, thorough, well reasoned and complete memorandum on the facts and the law. We have carefully reviewed those findings and conclusions and the record upon which they are based, and find the action of the trial court fully supported by the evidence and the law. The court placed no credibility on the testimony of movant[2] and found that, although the record made at the time of the guilty plea falls short of present day requirements, defendant was aware of his right, was properly advised by competent and experienced counsel and entered his plea voluntarily. See *Flood v. State*, 476 S.W.2d 529 (Mo. 1972). We do not find these determinations to be clearly erroneous.

The record of the 1953 guilty plea reflects it was made "in open court." Defendant's testimony twenty years after the plea is, by itself, insufficient to impeach the records of the court. *State v. Harrison*, 299 S.W.2d 479 (Mo.1957).

The judgment is affirmed.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.

1. The requirements of trial and appellate procedure requiring preservation of error serve a vital function in the administration of justice. They permit prompt correction of error and immediate retrial while witnesses are still available and memories fresh. It is not infrequent to have evidence of a prior conviction either stipulated to or at least not contested. It is also not infrequent for prosecutors to establish only one of several prior convictions for reasons of economy of time or money. Where the legal principles which cause a prior conviction to be invalid have already been established by the courts at the time of the second conviction, we can see no valid reason why the attack on the prior conviction should not be made at that time rather than years later on a Rule 27.26 motion. Compare *Gayes v. State of New York*, 332 U.S. 145, 67 S.Ct. 1711, 91 L.Ed. 1962 (1947) and *Burgett v. State of Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Particularly is this true where the record shows the prior conviction to be presumptively valid rather than presumptively void.

2. This includes movant's contention, advanced twenty years after the fact and refuted by other testimony, that he had a valid self-defense argument.