Gerald **TURNBOUGH**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

**No. 10106.**

Missouri Court of Appeals, Springfield District.

Dec. 16, 1976.

Nicholas R. Fiorella, Springfield, for movant-appellant.

John Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Appellant Gerald Turnbough was unsuccessful in his attempt by way of a motion for a writ of error coram nobis to vacate his 1962 guilty plea and conviction for burglary. The Circuit Court of Greene County held an evidentiary hearing on appellant's motion and found appellant's guilty plea was voluntarily given. The court did set aside the revocation of appellant's probation and sentence which followed the plea,[1] and after appellant waived a hearing on the probation revocation the court re-sentenced appellant and ordered him discharged because the sentence had been served. We affirm.

In his motion the appellant alleged his 1962 guilty plea was involuntary because of coercion, threats, trickery, erroneous information, no information, and his insufficient knowledge as to the consequences of his plea. He also averred that his failure to be represented by an attorney when his probation was revoked and he was originally sentenced vitiated his guilty plea and conviction.

This court reviewed coram nobis proceedings and the rules and principles applicable thereto at some length in *Howard v. State*, 493 S.W.2d 14 (Mo.App.1973), and it would not serve any useful purpose to reiterate them here. That decision and the authorities cited therein constitute a bar to appellant obtaining the relief he seeks.

Appellant did not exercise reasonable diligence in attacking his 1962 guilty plea. The "facts" which appellant claims tainted his guilty plea were known to him at the time his plea was entered. Neither in his motion nor at the evidentiary hearing conducted by the trial court were any sound reasons alleged or advanced for his failure to seek appropriate relief by way of a Rule 27.26, V.A.M.R., proceeding.

Appellant has not demonstrated he is suffering from present adverse circumstances as a result of the former conviction. The fact that the prior conviction was used to prosecute him in St. Louis under the Second Offender's Act does not alter the situation. The 1969 sentence he received and is now serving for assault with intent to kill with malice aforethought is within the permissible limits of sentencing him either as a first or second offender, and any loss of civil rights from the earlier conviction would flow with equal force from the St. Louis conviction. Furthermore, since the 1959 amendment to the Missouri Second Offender Act, § 556.280, RSMo 1969, *our statute does not provide for enhancement of punishment of a second offender.* The statute merely provides that when a person subject to its terms is convicted, the trial judge, rather than the jury, determines the punishment. This procedure is no different from a first offender's prosecution in this state when the jury agrees upon the defendant's guilt but cannot agree on the matter of punishment; nor is it different from a first offender's conviction in the federal system—the judge in each instance determines the punishment.

The judgment is affirmed.

All concur.

---

1. Appellant was initially placed on probation after his 1962 plea. In 1964, following the court's revocation of probation, appellant was sentenced to a three-year prison term. In 1969 that conviction was used to prosecute appellant under the Second Offender Act [§ 556.280, RSMo 1969] in St. Louis. He was sentenced to a term of 25 years imprisonment on his conviction of assault with intent to kill with malice aforethought. See: *State v. Turnbough*, 497 S.W.2d 856 (Mo.App.1973); *Turnbough v. State*, 533 S.W.2d 609 (Mo.App.1975).