**George ARNOLD, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38572.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 24, 1977.

James W. Huck, Huck, Kasten & LaBeaume, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

PER CURIAM.

This is an appeal by petitioner-appellant, George L. Arnold, from an order of the Circuit Court of the City of St. Louis entered on September 27, 1976 denying, without an evidentiary hearing, his petition for writ of error coram nobis. For reasons hereinafter stated, we affirm the order of the circuit court denying his petition.

On February 4, 1953, some 23 years ago, movant, George L. Arnold, pleaded guilty in the City of St. Louis to the offense of assault with intent to rob.[1] Some 12 years later, in 1965, he was charged, tried and convicted for the offense of "unlawfully and by means of deceit obtain[ing] a certain narcotic drug, Dilaudid tablets, by uttering, offering and passing as true and genuine a certain false prescription." He first entered a plea of not guilty through his court-appointed attorney—a public defender. He later withdrew his plea of not guilty and entered a plea of guilty through another attorney retained by him. In the 1965 case the defendant was questioned and in the course of the questioning the court asked, "You said you didn't know anything about it, is that correct?" The defendant answered, "Yes, sir." At the time of sentence, some two and one-half months later, Mr. Arnold appeared in person and an attorney—the same public defender as before— "stood in" for his retained counsel. At that time the trial court indicated that he had earlier pleaded guilty and sentenced him to three years in the Department of Corrections. He later moved to withdraw his plea of guilty under Rule 27.25 alleging that the court erred in accepting his plea because there was no determination that the plea was voluntarily made but was in fact equivocal. Our Supreme Court agreed. *State v. Arnold*, 419 S.W.2d 59 (Mo.1967). The court held that there was no showing that the court explained, or that the defendant understood, the consequences of the guilty plea or that he assented to it. There was no explanation of the range of punishment and no determination whether counsel had explained the consequences of the plea. Hence, since there was not only a lack of understanding of the proceedings and their consequence, and the plea was at best equivocal, the order denying his motion to withdraw his plea was reversed by the Supreme Court and remanded for further proceedings.[2] *State v. Arnold*, supra, 419 S.W.2d 59.

Some ten years after he pleaded guilty to the narcotics offense or eight years after the plea was set aside, the petitioner was charged with the felony of burglary in the second degree and the 1953 conviction for assault was pleaded and proved as a prior felony. In March 1975, he was tried, found

---

1. The record is unclear whether the conviction was under § 559.180, RSMo., which carries a penalty of two years to life, or § 559.190, which carries a penalty not exceeding five years. Appellant's application for the writ alleges he pleaded guilty to assault with intent to rob under § 559.190, but his brief filed in this court indicates that he was convicted of assault with intent to rob under § 559.180, a felony punishable in the penitentiary from two years to life.

2. We are not informed by the present record whether there were any further proceedings in the cause. We do not know whether Mr. Arnold again pleaded guilty and was sentenced, or whether he pleaded not guilty and was tried and later convicted or acquitted or whether the charge was merely dropped. But it is significant to note that the Supreme Court did not discharge him—the cause was reversed and remanded for further proceedings.

guilty by a jury and, under the Second Offender Act, § 556.280, based upon his 1953 plea of guilty, was sentenced to nine years in the Department of Corrections. This conviction was appealed to this court and the conviction was affirmed. *State v. Arnold*, 534 S.W.2d 836 (Mo.App.1976). On that appeal appellant did not question the validity of the 1953 conviction but limited his points on appeal to the issue of the sufficiency of the evidence. Our mandate was handed down March 31, 1976.

According to the findings of the trial court on this appeal, the record shows that Mr. Arnold filed a motion to vacate his 1975 conviction but that motion was denied without an evidentiary hearing. Then, on April 2, 1976, Mr. Arnold filed this "Application For Writ Of Error Coram Nobis." In that application he prayed that the 1953 conviction be set aside. He alleged that (1) he was wrongfully convicted of an offense that did not constitute robbery and which movant could have been acquitted of had he had diligent counsel; (2) the assault with intent to rob "carries a maximum of five years"; (3) the facts showed that he and others were involved in a "brawl" and persons "grabbed" items and ran; (4) if counsel[3] "would have investigated the cause he would have shown that [he] did not assault any person with intent to rob"; (5) counsel did "nothing but inform [him] that if he did not plead guilty he would get life" and counsel "would not do a dam [sic] thing" for him "unless he entered a plea of guilty"; (6) counsel did nothing for him except to enter a plea of guilty and that he would not represent him at any jury trial; and (7) counsel did not properly investigate the facts and counsel had him "so scared" that "all he could think about was getting his time and getting away." In his application he alleged that if given an evidentiary hearing he would testify that he was in fear of getting life[4], that he could not hire counsel to investigate his case, that the public defender made it clear that the only thing he wanted movant to do was to plead guilty and that he could have given the public defender several witnesses that could have shown his innocence but that the public defender "kept looking at movant like movant was making him mad and that movant was wasting his time." He alleged that he would testify that the public defender did the same thing in 1953 as he did in the 1965 plea when he was a "stand in" lawyer.[5] He therefore sought the trial court below to set aside and vacate the 1953 conviction.

The thrust of appellant's contention, as we perceive it, is: if successful in vacating the 1953 conviction for assault with intent to rob, there would be no basis for relying on the Second Offender Act to "enhance" his 1975 conviction for burglary in the second degree; hence the 1975 conviction should be vacated.

After filing his application for writ of error coram nobis, the State, on August 19, 1976, filed its motion to dismiss alleging that Mr. Arnold "was aware of the grounds for his writ in 1967, nine years prior to his application" and that "no just cause for his delay in application for said writ" was alleged. The State, therefore, moved to dismiss the application because it was not timely filed and because no just reason was alleged to justify the delay.

The motion to dismiss the application for the writ was heard and argued on September 15, 1976 and was taken under submission.

---

**3.** Movant does not indicate which counsel—his retained attorney who represented him at his plea of guilty or the public defender who "stood in" for retained counsel at sentencing. The implication is that he refers to the public defender.

**4.** This substantiates the fact that movant was charged and pleaded guilty to an offense under § 559.180, not § 559.190, and contradicts his own motion.

**5.** It is to be noted that the then public defender who represented movant in his 1953 plea was not his counsel at the plea of guilty on the 1965 charge. The public defender did not represent him at the plea but "stood in" for the retained counsel at sentence. See *State v. Arnold*, supra, 419 S.W.2d at 61.

On September 27, 1976 the court entered its order and memorandum opinion dismissing movant's application without an evidentiary hearing. The court found (1) that Mr. Arnold was convicted and sentenced on February 4, 1953 after pleading guilty to the offense of assault with intent to rob; (2) that he was subsequently charged with the offense of burglary second degree and that the prior felony was pleaded and proved; (3) that he was tried on the burglary charge in March 1975 and found guilty by the jury; and (4) that the conviction was affirmed. The court further found that (1) under the principles relating to a writ of error coram nobis, the burden of proof is clearly on the movant; (2) while Mr. Arnold attacked the effectiveness of his 1953 counsel in that counsel performed the same acts as were alleged in his 1965 drug conviction which was set aside because of the invalidity of the plea [6], the allegations in the petition for the writ were not well pleaded and "many are vague and conclusory"; (3) since 1967 when the narcotics conviction was set aside, the 1953 counsel has died; (4) movant waited some twenty-three years (1953–1976) before filing his application for relief and that under the law, while coram nobis should not be denied merely because of the passage of time, it is required that affirmative facts be pleaded which justify the delayed request for relief; and (5) Mr. Arnold was aware of the grounds for relief stated in his application at least in 1967—nine years before filing his application.

The court therefore concluded that Mr. Arnold did not affirmatively plead "facts to justify his delay in seeking relief" and that his application was "not timely filed." Hence, the court denied an evidentiary hearing [7] and dismissed the application for writ of error coram nobis.

The movant appealed. On this appeal he contends that the trial court was "clearly erroneous" in denying a hearing and dismissing his application because his application was "timely filed." He argues that even though he was aware of possible grounds for relief in 1967 he need not have sought relief in coram nobis earlier than 1976 because it was not until the termination of the 1975 burglary conviction that the 1953 conviction had any adverse effect upon him. He submits that the delay was not unreasonable and that there was no necessary ground for relief present until after the 1975 conviction. He further argues that he filed his application for the writ within a reasonable time after the 1953 conviction first had an adverse effect on him, and he denies that the mere possibility of heavier penalties under the Second Offender Act is sufficient to be considered a present adverse effect. He concludes that the application was timely filed and that the court erred in holding that it was untimely.[8]

Appellant in his brief contends that the "true question presented by this appeal is whether mere apprisal of possible grounds for relief [is] sufficient to bring the Writ, or must the Movant first suffer some presently adverse consequence from the prior conviction."

We state the issue presented as we perceive it: is an applicant for coram nobis required to seek relief to set aside a conviction within a reasonable time after he becomes aware of the grounds for possible relief, or may he forego seeking such relief until he suffers some alleged present adverse consequence from the earlier conviction although the adverse consequence may be effective years later?

■■■ The movant's application for writ of error coram nobis is the appropriate vehicle for attacking the validity of a sentence

6. The 1953 counsel was not the same counsel on the plea of guilty in the 1965 case. In the 1965 case Mr. Arnold's retained attorney represented him at the plea and the 1953 counsel was a "stand in" at his 1965 sentence.

7. Relying on *Flood v. State*, 476 S.W.2d 529 (Mo.1972); *Howard v. State*, 493 S.W.2d 14 (Mo.App.1973); and *Deckard v. State*, 492 S.W.2d 400 (Mo.App.1973).

8. Appellant in his brief does not attack the conclusion of the trial court that he did not plead facts to justify any delay in seeking relief.

which has been already served. *Gajewski v. United States*, 368 F.2d 533, 534 (8th Cir. 1966); *McCormick v. State*, 523 S.W.2d 854, 855 (Mo.App.1975); *Peterson v. State*, 476 S.W.2d 608, 610 (Mo.1972). When the sentence has been served, a motion to vacate under Rule 27.26 is not appropriate since the movant is not in custody. In such instance the motion to vacate should be treated as an application for writ of error coram nobis. *Montgomery v. State*, 529 S.W.2d 8, 9 (Mo.App.1975).

 There are several general principles relating to the writ of error coram nobis:

(1) the action is civil in nature and not criminal;

(2) the writ is a common law remedy addressed to the trial court to correct errors of fact affecting the validity of the proceedings which at the time of the original proceedings were unknown to the party seeking relief and to the court;

(3) it is considered to be a new action and its purpose is to vacate the former judgment;

(4) the right to relief by means of coram nobis is not absolute—it is not allowed as a matter of right or routine. *Powell v. State*, 495 S.W.2d 633, 635 (Mo. banc 1973). It issues only if it is made to appear with reasonable certainty that some error of fact not apparent on the record was unknown to the applicant;

(5) it will not lie where the party complaining knew of the facts complained of at the time of or before trial or by the exercise of reasonable diligence might have known it;

(6) the burden of proof is on the movant or applicant—he is required to present proof that supports his well-pleaded allega-

tions and such allegations must be established by a preponderance of the evidence;

(7) the application or motion must state with particularity sufficient facts to constitute grounds for relief. *Howard v. State*, supra, 493 S.W.2d at 19; *McCormick v. State*, supra, 523 S.W.2d at 855; *Blodgett v. State*, 245 S.W.2d 839, 842 (Mo.1952);

(8) the movant must demonstrate that he is suffering from present adverse legal circumstances in order to invoke coram nobis relief from a sentence already served. *Deckard v. State*, supra, 492 S.W.2d at 403; *McCormick v. State*, supra, 523 S.W.2d at 855; *Stewart v. United States*, 446 F.2d 42, 43–44 (8th Cir. 1971);

(9) to set aside a prior conviction based upon a plea, the movant should raise the issue of the invalidity of the prior conviction on the appeal of a subsequent conviction. *Montgomery v. State*, supra, 529 S.W.2d 9–10 [9]; *Deckard v. State*, supra, 492 S.W.2d at 402–403;

(10) reasonable diligence should be exercised by the movant to attack the alleged invalid conviction. *Turnbough v. State*, 544 S.W.2d 894, 895 (Mo.App.1976); *Howard v. State*, supra, 493 S.W.2d at 20–21; *Flood v. State*, supra, 476 S.W.2d at 534 (12 years); and

(11) sound reasons should be alleged or advanced for a failure to seek appropriate relief. *Turnbough v. State*, supra, 544 S.W.2d at 895.

 The Supreme Court of the United States had occasion to examine the propriety of a writ of error coram nobis in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). There the history of the writ was examined and the Court held that the writ was available to a person who had served his sentence. The Court stated

---

**9.** As stated in *Montgomery v. State*, supra, 529 S.W.2d at fn. 1, p. 10:

"The requirements of trial and appellate procedure requiring preservation of error serve a vital function in the administration of justice. They permit prompt correction of error and immediate retrial while witnesses are still available and memories fresh. . . . Where the legal principles which cause a

prior conviction to be invalid have already been established by the courts at the time of the second conviction, we can see no valid reason why the attack on the prior conviction should not be made at that time rather than years later on a Rule 27.26 motion [or an application for writ of error coram nobis]."

that "[s]ubsequent convictions may carry heavier penalties, [or] civil rights may be affected." *United States v. Morgan*, supra, 74 S.Ct. at 253. The Court, however, restricted its use as a means of continuing litigation and limited its use to circumstances "compelling such action to achieve justice" or to errors of the "most fundamental character."[10]

"Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice . . . [and includes] errors 'of the most fundamental character' . . . [and] sound reasons . . . for failure to seek appropriate earlier relief . . . ." *United States v. Morgan*, supra, 74 S.Ct. at 252–253.

■■■■■ Based upon these legal principles relating to coram nobis relief, we cannot conclude that the trial court was clearly erroneous in denying appellant's application for writ of error coram nobis.

First, appellant contends that his 1953 attorney was the same attorney who allegedly was ineffective in his 1965 trial for narcotics, and, since he was successful in reversing the 1965 conviction, the 1953 conviction based upon a plea should also be reversed. But the public defender in 1953 was not the attorney who handled the guilty plea in 1965; he was a "stand in" attorney for a retained attorney who was present at the guilty plea. It was the retained attorney who handled the guilty plea in the 1965 conviction.

Second, appellant was aware of any alleged invalidity of the 1953 proceeding at least by 1967 when the narcotics appeal was reversed and remanded. Delaying the filing of the application for nine years, or 23 years after the original conviction, is, we believe, an unreasonable delay. We believe that an application seeking coram nobis relief should be made with reasonable diligence from the time that the grounds alleged in the application were known or should have been known to the applicant. The failure to pursue the remedy of coram nobis when the movant is aware of the alleged grounds for relief within a reasonable time causes litigation to be "never ending" and continuous. Delays are not favored by the courts. Untimeliness of applications for coram nobis or motions to vacate cause untold difficulties. While time alone should not and does not deprive a person of fundamental rights, the time lapse is certainly a most important relevant factor in denying the application. We adhere to this view even though the prior offense may not have had the alleged adverse effect[11] upon the movant until his conviction for the second offense in 1975. Appellant in his application did not plead any facts justifying the delay. Hence we reject appellant's argument that his application is timely because it was filed within a reasonable time after the affirmance of the burglary conviction in 1976, and we hold that the trial court did not err in denying relief for failure to exercise reasonable diligence to attack the 1953 plea. *Turnbough v. State*, supra, 544 S.W.2d at 895; *Flood v. State*, supra, 476 S.W.2d at 534; *Howard v. State*, supra, 493 S.W.2d at 20–21.

Third, even though we may consider that there was no untimely delay because there was no adverse effect upon him until his second conviction in 1975, the denial of coram nobis relief was not erroneous. In the appeal from the conviction for burglary in

---

10. The fact that movant was denied a right to appeal does not present an error of the most fundamental character when the application does not set forth a ground for reversal of an earlier conviction. *McFadden v. United States*, 439 F.2d 285, 287 (8th Cir. 1971) [discussing *Morgan*].

11. We believe that appellant could have filed his application prior to the 1975 conviction even though he had not as yet been charged as a second offender. The Second Offender Act, § 556.280, is not the only possibility of an adverse legal consequence. As stated in *United States v. Morgan*, supra, 74 S.Ct. at 253: "Subsequent convictions may carry heavier penalties, [and] civil rights may be affected." *Cf.* § 560.610.

the second degree, *State v. Arnold*, supra, 534 S.W.2d 836, appellant did not raise the issue as to alleged invalidity of the 1953 conviction. His appeal in the burglary conviction was limited to the issue of the sufficiency of the evidence to support the conviction. He could and should have raised the issue of the applicability of the Second Offender Act in that burglary appeal. He did not do so. *Montgomery v. State*, supra, 529 S.W.2d at 9.

Furthermore, the writ of error coram nobis is not a matter of right or mere routine; the trial court has discretion to grant or deny the writ. This is not an instance where the circumstances are so compelling to achieve justice nor is any alleged error of such a fundamental character so as to compel relief.

From all the circumstances, therefore, we are convinced that the trial court did not err in denying appellant's application for writ of error coram nobis without an evidentiary hearing.

The judgment is affirmed.

All the Judges concur.