**Richard HARKINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38381.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 23, 1977.

Motion for Rehearing and/or Transfer Denied Oct. 11, 1977.

Application to Transfer Denied Nov. 14, 1977.

Hayes & Heisler, David M. Johnson, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto and Robert L. Presson, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Clayton, for respondent.

CLEMENS, Presiding Judge.

Movant Richard Harkins' petition for a writ of error coram nobis seeks to vacate a 1969 burglary and stealing conviction which was subsequently used to subject him to punishment as a second offender in a 1975 murder charge. The trial court denied relief and movant appeals.

In 1969 movant pleaded guilty to burglary and stealing and was sentenced to con-

current two-year terms of imprisonment. The sentences were served. In 1975 movant was found guilty of second degree murder. The state pleaded and proved the prior burglary and stealing convictions and the court imposed a life sentence under the Second Offender Act.

On June 24, 1976 movant filed a petition for writ of error coram nobis, alleging that in the 1969 burglary and stealing case: (1) he was denied effective assistance of counsel because counsel failed to inform the court the burglarized premises belonged partially to movant's brother and movant was there with his brother's permission and (2) he was prevented from stating this permission to police because they beat him "as soon as they arrived and [movant] could not say anything."

The trial court denied a writ of error coram nobis without a hearing and movant appeals.

■ The grounds for a writ of error coram nobis, like other post-conviction relief, must be timely raised. The grounds movant now assert—the alleged invalidity of his 1969 guilty plea—could and should have been raised in 1975 when pursuant to the 1969 conviction he was charged with murder under the Second Offender Act. Movant did not then challenge his 1969 conviction, either at trial or on appeal.

In *Montgomery v. State*, 529 S.W.2d 8 [3] (Mo.App.1975) a 1953 guilty plea was the basis for applying the Second Offender Act in a 1961 murder trial, from which movant had appealed without challenge to the 1953 guilty plea. In 1975 Montgomery sought post-conviction relief to challenge the 1953 guilty plea. We denied relief, holding movant's challenge to the 1953 guilty plea conviction "could and should have been raised on appeal from that conviction." *Montgomery* was followed in *Arnold v. State*, 552 S.W.2d 286 (Mo.App.1977). See also *Deckard v. State*, 492 S.W.2d 400 [5, 6] (Mo.App.1973) where post-conviction relief was denied movant because he had failed to challenge the prior conviction when tried under the Second Offender Act.

■ We hold movant waived his challenge to the 1969 conviction by failing in 1975 to challenge his guilty-plea conviction when it was pleaded and tried as part of his 1975 murder charge. His present 1977 motion was untimely and properly denied.

DOWD and SMITH, JJ., concur.