**David O. HAMPTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 41689.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 20, 1980.

**192**

Stephen J. Murphy, Affton, for appellant.

George A. Peach, Circuit Atty., David T. Weir, Asst. Circuit Atty., St. Louis, John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Petitioner, David O. Hampton, filed for a writ of error coram nobis seeking to vacate his 1972 conviction of accessory after the fact to burglary in the second degree. This conviction was used to subject him to the Second Offender Act in a subsequent robbery and weapon charge which was affirmed on appeal in *State v. Hampton*, 559 S.W.2d 224 (Mo.App.1977).

On December 7, 1978, petitioner filed a petition for writ of error coram nobis alleging that the 1972 plea of guilty was involuntarily rendered due to ineffective assistance of counsel. Counsel was appointed and the petition was then amended. State filed a motion to dismiss which was sustained without an evidentiary hearing. The court made findings of fact and conclusions of law. It determined that the allegations in the petition "are not well taken because they are not timely filed, could have been raised in either or both movant's [petitioner's] New Trial Motions or appeal in Case No. 74–2795–A, are refuted by the record of movant's [petitioner's] guilty plea in Case No. 72–1752, and state merely conclusions rather than specific facts."

We agree with the state that petitioner waived his challenge to the 1972 conviction by failing to assert the alleged invalidity of his 1972 guilty plea at his trial on and his appeal from the subsequent robbery and weapon charge. *Harkins v. State*, 558 S.W.2d 217, 218 (Mo.App.1977); *Arnold v. State*, 552 S.W.2d 286, 292–93 (Mo.App. 1977); *Montgomery v. State*, 529 S.W.2d 8, 9 (Mo.App.1975). The 1972 conviction was pleaded and tried as part of his robbery conviction. The *Arnold* case provides a good discussion of the general principles relating to a writ of error coram nobis as they apply to the circumstances existing in this case.

The court did not err in denying the petition for writ of error coram nobis without an evidentiary hearing.[1]

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

---

1. We cannot find the trial court's determination that the petition's contents were refuted by the record and state conclusions rather than facts to be clearly erroneous.