David Eugene **BAINTER**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 42160.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 20, 1981.

Louis Jerry Weber, Richard W. French, Thurman, Nixon, Smith, Howald, Weber & Boweles, Hillsboro, for appellant.

John Ashcroft, Atty. Gen., Edward F. Downey, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

By writ of error coram nobis, movant seeks to set aside a 1959 conviction serving as a basis for sentencing under the Second Offender Act, § 556.280, RSMo 1969 (now repealed), for subsequent crimes. His motion was denied by the trial court and we affirm.

In 1959 movant pleaded guilty to operating a motor vehicle without the owner's consent. In 1977 he was convicted by a jury and sentenced under the Second Offender Act to two consecutive life terms for

two second degree murders and a consecutive term of five years for assault without malice. Appeals from these latter convictions are pending.

Although movant's 1959 guilty plea was made with the aid and consultation of appointed counsel, the substance of his coram nobis is that he was not advised that the fact that he may have believed that he had permission to use the vehicle could have served as a defense to the 1959 offense. Hence, so movant alleges, his 1959 plea was not freely made with the understanding of its nature and was made under the influence of ineffective assistance of counsel.

In his appeal from the denial of his motion, movant sets forth a variety of reasons why the trial court erred. But concomitantly there are a variety of more compelling reasons why his appeal must fail under the circumstances presented.

 *Arnold v. State*, 552 S.W.2d 286 (Mo. App.1977), sets forth twelve general principles relating to writs of error coram nobis, including: that it will not lie where there has been a lack of diligence in discovering the facts complained of; that the movant must establish that he is suffering from present adverse legal circumstances by reason of the prior offense, guilty plea or conviction; that the invalidity of the prior conviction should be raised on the appeal of a subsequent conviction. *Id.* at 291. Each of these precepts applies in this case, and the points which movant raises and the circumstances serving as the basis for his motion do not overcome them.

First, the appropriate forum for raising the alleged invalidity of his guilty plea is in the appeal of his convictions for the second degree murders and assault, not by this motion. *Hampton v. State*, 600 S.W.2d 191, 192 (Mo.App.1980); *Hawkins v. State*, 558 S.W.2d 217, 218 (Mo.App.1977); *Arnold v. State*, 552 S.W.2d at 293; *Montgomery v. State*, 529 S.W.2d 8, 9 (Mo.App. 1975).

Second, movant has failed to demonstrate that he has suffered adverse circumstances as a result of his former conviction. The sentences he has received for murder and assault are within the permissible limits for either a first or second offender. The Second Offender Act does not provide for enhancement of punishment for a second offender, and there is no reason to conclude that his most recent sentencing was enhanced by his 1959 conviction. Consequently, movant was not adversely affected thereby. *Turnbough v. State*, 544 S.W.2d 894, 895 (Mo.App.1976); *Cook v. State*, 543 S.W.2d 309, 312 (Mo.App.1976).

Finally, it appears to us that a delay of twenty-one years by movant in seeking to correct an alleged defect in his 1959 guilty plea is a relevant factor to consider in determining whether he has been sufficiently diligent in his efforts to have the plea set aside, particularly as he had counsel at the time of the pleading and also was represented in his second series of crimes and appeals therefrom. Thus, the trial court cannot be convicted of being clearly erroneous in finding lack of diligence on the part of movant in remedying what is alleged to have been an error in 1959. *Chrisco v. State*, 586 S.W.2d 407, 410 (Mo.App. 1979); *Arnold v. State*, 552 S.W.2d at 292; *Cook v. State*, 543 S.W.2d at 312.

Judgment affirmed.

PUDLOWSKI, P. J., and WEIER, J., concur.