**Arbary JACKSON, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 43048.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1981.

James L. Rohlfing, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from the denial, after evidentiary hearing, of movant's petition for writ of error coram nobis. We affirm.

On February 2, 1971, movant pleaded guilty to operating a motor vehicle without the owner's consent for which he was sentenced to nine months in the City of St. Louis workhouse. Movant served this sentence.

On February 2, 1979, movant was sentenced to life imprisonment and two (2) five (5) year terms of imprisonment upon conviction of murder and two (2) counts of assault with intent to kill, respectively. Movant did not testify on his behalf at that trial. The convictions were upheld on direct appeal. *State v. Jackson*, 594 S.W.2d 623 (Mo.1980).

On April 9, 1979, movant filed a petition for writ of error coram nobis seeking to set aside sentence and judgment ordered pursuant to his February 2, 1971 guilty plea. An evidentiary hearing was held on January 11, 1980. Movant's only evidence in support of his petition for writ of error coram nobis was his own testimony. He testified he would not have entered a plea of guilty had he known one element of the offense was knowledge the car was stolen. Movant also testified the allegedly invalid judgment effectively prevented him from testifying at his trial for murder and assault. The petition for writ of error coram nobis was denied on May 6, 1980. Movant appeals.

Movant contends the trial court erred:

(1) in refusing to permit him to amend his petition by interlineation at the hearing thereon;

(2) in finding that movant failed to demonstrate that he was suffering from present adverse legal circumstances as a result of the alleged invalid 1971 conviction despite movant's claim it prevented him from testifying at his trial for murder and assault;

(3) in ruling that the evidence presented at the hearing on his petition for writ of error coram nobis was inadequate to support a judgment in movant's favor.

We find no reversible error. A writ of coram nobis is not a writ of right and the trial court has wide discretion to grant or deny it. See, *Arnold v. State*, 552 S.W.2d 286, 291 (Mo.App.1977); *Hampton v. State*, 600 S.W.2d 191, 192 (Mo.App.1980). We defer to the extensive findings of fact and conclusions of law prepared by the trial court.

The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

REINHARD and SNYDER, JJ., concur.