**802**

**David BAINTER, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 43743.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 29, 1981.

Kenneth A. Seufert, Farmington, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Kirk Lohman, Asst. Attys. Gen., Jefferson City, Gary E. Stevenson, Pros. Atty., Farmington, for respondent.

CLEMENS, Senior Judge.

By this writ of error coram nobis petitioner David Bainter (hereafter "defendant") seeks to vacate a 1962 two-year sentence. He then pleaded guilty to attempted burglary. By this motion defendant seeks to avoid two life and one five-year sentences for murder and burglary. In 1977 that sentence was imposed on defendant as an habitual criminal.

The two-year 1962 sentence now challenged was *not* a basis for applying the habitual criminal act in his 1977 conviction. There, to invoke the habitual criminal penalty, the state pleaded and proved three *other* felonies. At that trial there was testimony about the now-challenged two-year sentence. But, it came in not by the state; it was initiated by defense counsel on direct examination of defendant.

Our concern here is not with what the effect would be of setting aside the challenged 1962 two-year sentence. Instead, we deal only with defendant's precise coram nobis challenge to that conviction.

The coram nobis court denied the motion because defendant is not now suffering any adverse legal consequences from the 1962 two-year sentence already served.

A basic element of coram nobis relief from a sentence already served is that the movant is presently suffering adverse legal circumstances from that sentence. Defendant is not. See *Arnold v. State*, Mo.App., 552 S.W.2d 286 [3–6], where the court added that the movant must have exercised reasonable diligence in applying for a coram nobis writ; here defendant waited 17 years.

On this appeal movant further contends his writ was improperly denied for two other reasons: That the original circuit judge both conducted defendant's preliminary hearing and accepted his guilty plea; and that he was then denied the right to counsel. Because we are affirming the trial court's denial of the writ on the ground defendant is no longer suffering from the challenged two-year sentence, we need not rule on these last two points.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.