William F. HOWARD, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12099.

Missouri Court of Appeals,
Southern District,
Division One.

April 13, 1982.

Motion for Rehearing or to
Transfer to Supreme Court Denied
April 29, 1982.

Application to Transfer Denied
June 14, 1982.

Jay White, Rolla, for movant-appellant.

John D. Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Movant's petitions for writs of error coram nobis were filed in the circuit court on March 10, 1980. On December 8, 1980, the court, without an evidentiary hearing, denied the petitions and movant appealed.

Movant received consecutive sentences imposed February 25, 1971, on guilty pleas to two felony charges. The sentences were served and movant was unconditionally released from custody on October 26, 1973. These latter facts prompted this court on July 10, 1974, to dismiss movant's appeal taken from denial of his Rule 27.26, V.A.M.R., motion to vacate the 1971 sentences. *Howard v. State*, 512 S.W.2d 206 (Mo.App. 1974).

On November 19, 1979, movant was convicted of selling marijuana and the two 1971 convictions were pleaded and proved and the court imposed an 18-year prison sentence under § 195.200 RSMo 1978. The 1980 petitions for writs of error coram nobis were filed to vacate the 1971 convictions and thus nullify the enhanced 18-year sentence imposed by the trial court in 1979.

The grounds for a writ of error coram nobis must be timely asserted. The grounds movant asserts in his petitions, which are almost identical to those made in his Rule 27.26 motion, could and should have been raised in 1979 when pursuant to the 1971 convictions he was charged with and convicted of selling marijuana. Pun-ishment was assessed under § 195.200. Movant did not then challenge his 1971 convictions either at trial or on appeal. *Harkins v. State*, 558 S.W.2d 217, 218[1, 2] (Mo.App.1977); *Arnold v. State*, 552 S.W.2d 286 (Mo.App.1977); *Montgomery v. State*, 529 S.W.2d 8 (Mo.App.1975).

Movant waived his challenges to the 1971 convictions by failing in 1979 to challenge his guilty plea convictions when they were pleaded and tried as part of the 1979 marijuana charge. His present 1980 petitions were untimely and properly denied. The action of the court nisi is affirmed.

GREENE, P. J., and FLANIGAN, J., concur.