William F. HOWARD, Appellant,

v.

Donald WYRICK, Appellee.

No. 83–1052.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 16, 1983.

Decided Nov. 16, 1983.

Certiorari Denied April 2, 1984.
See 104 S.Ct. 1715.

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Gregory R. Smith, Alan S. Nemes, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for appellant.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

FAGG, Circuit Judge.

William Howard appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

The long procedural history of this litigation began in 1971 when Howard entered two guilty pleas to charges of transferring a controlled substance and possession of a controlled substance. Howard filed a state postconviction action under Missouri Supreme Court Rule 27.26 V.A.M.S. claiming that his guilty pleas were involuntarily entered due to ineffective assistance of counsel. The Missouri circuit court denied relief without a hearing. The Missouri Supreme Court reversed and ordered that a hearing be conducted. After an evidentiary hearing, the Missouri circuit court denied Howard's 27.26 motion. While an appeal was pending, Howard was released from the penitentiary and the appeal was dismissed as moot. *Howard v. State,* 512 S.W.2d 206 (Mo.App.1974).

In 1979 Howard was convicted of selling a controlled substance, marijuana. At Howard's 1979 trial, his two prior felony convictions were entered into evidence outside the presence of the jury. Howard was sentenced as a recidivist to eighteen years imprisonment. His conviction was affirmed on appeal. *State v. Howard,* 606 S.W.2d 268 (Mo.App.1980).

In 1980 Howard petitioned for writs of error *coram nobis* in the Missouri circuit court to set aside his 1971 guilty pleas for the same grounds set forth in his earlier 27.26 motion. The court denied the petitions without an evidentiary hearing because Howard had failed to raise his challenges to the pleas during the 1979 trial as required by state procedure. The Missouri Court of Appeals affirmed the denial of the writs. *Howard v. State,* 633 S.W.2d 222 (Mo.App.1982). Howard's motions for rehearing or transfer were denied by the Missouri Court of Appeals and the Missouri Supreme Court. *Id.*

Howard brought this action for federal habeas corpus relief alleging that his two 1971 guilty pleas were not voluntarily entered, and that they were used unconstitutionally to enhance his punishment for the 1979 conviction. Howard's underlying claim for habeas relief—the constitutional defectiveness of his 1971 pleas—has been exhausted in the state courts. The district court denied relief, holding that Howard failed to show "cause" for his failure to object to the use of the 1971 guilty pleas at the 1979 trial. Howard appeals.

■ As a general rule, a federal habeas petitioner who is barred by procedural default from bringing his claim in state court is also barred from bringing the claim in federal court, unless the petitioner shows cause for and prejudice from the procedural default. *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); *Wallace v. Lockhart,* 701 F.2d 719, 726 (8th Cir.1983). In this case, it is undisputed that state procedure required Howard to object to the use of the 1971 pleas at his 1979 trial. *See Howard v. State, supra,* 633 S.W.2d at 223. Howard now argues that the ineffectiveness of his 1979 counsel provided cause for his failure properly to object at the 1979 trial.

■ Constitutionally ineffective counsel may provide cause for a petitioner's failure to comply with a state procedural rule. *Fowler v. Parratt,* 682 F.2d 746, 751 (8th Cir.1982); *Hinkle v. Scurr,* 677 F.2d 667, 671 n. 4 (8th Cir.), *cert. denied,* ——

U.S. ——, 103 S.Ct. 456, 74 L.Ed.2d 609 (1982); *Graham v. Mabry,* 645 F.2d 603, 607 (8th Cir.1981). To establish ineffectiveness of counsel, Howard must show that his attorney failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances, and that he was prejudiced by that failure. *Riley v. Wyrick,* 712 F.2d 382, 385 (8th Cir. 1983); *Brunson v. Higgins,* 708 F.2d 1353, 1356 (8th Cir.1983). Howard bears a heavy burden in overcoming the presumption that counsel has rendered effective assistance. *Walker v. Solem,* 687 F.2d 1235, 1236–37 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1789, 76 L.Ed.2d 357 (1983). The exercise of reasonable professional judgment, even if later proven unwise, does not constitute ineffective assistance. *Riley v. Wyrick, supra,* 712 F.2d at 385; *Wallace v. Lockhart, supra,* 701 F.2d at 726.

■ The issue that this court must address is whether Howard's 1979 counsel, in failing to object to the introduction of the 1971 guilty pleas at the 1979 trial, failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances. Howard's primary objection to his counsel's performance at the 1979 trial is that she was unaware of the potential grounds for challenging the 1971 guilty pleas. Specifically, Howard contends that counsel should have discovered his earlier 27.26 motion which challenged the 1971 guilty pleas on grounds that they were obtained by coercion.

Howard's 1979 counsel, a county public defender, stated in her affidavit that at the time of the 1979 trial, she talked with Howard about the 1971 guilty pleas and he indicated to her only that he was innocent of the charges and that the sentence was determined improperly. She stated that at no time did Howard indicate to her that the pleas were made involuntarily, nor did he inform her of the earlier postconviction motion asserting these grounds. Based on Howard's claim of innocence, counsel investigated the files and records of the 1971 pleas, discussed the matter with an attorney involved with the earlier pleas, and even attempted to find witnesses named by

Howard. After investigating Howard's asserted innocence, counsel concluded that no grounds existed for precluding the use of the 1971 convictions at the 1979 trial.

The district court ruled that Howard's 1979 counsel was not ineffective, noting that counsel's "decision not to object was made after investigation indicated that there was no basis for objecting." We agree. We are concerned that counsel did not, in investigating Howard's case, discover the earlier 27.26 motion. Nevertheless, given the information that Howard supplied to counsel, and Howard's failure to indicate in any manner that the guilty pleas might have been coerced, we believe that counsel's investigation of his claimed innocence met the minimum constitutional standard for effective counsel. We cannot say that counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances.

Because Howard has not shown that his 1979 counsel was ineffective, he has failed to demonstrate cause for his failure contemporaneously to object to the introduction of the 1971 guilty pleas at the 1979 trial. Accordingly, we affirm the district court's denial of Howard's petition for relief.

Affirmed.