**STATE of Missouri, Respondent,**

v.

**Donald CLARK, Appellant.**

No. 46381.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 8, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 18, 1984.

Robert A. Hampe, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Donald Clark, appellant herein, appeals from a judgment of the Circuit Court of the

City of St. Louis, which denied his Petition for Writ of Error Coram Nobis. Appellant now contends that the trial court abused its discretion in denying the petition because: (1) The sentence he received, and is presently serving, for two counts of murder in the second degree was enhanced due to the prior convictions which he seeks to vacate; (2) Petitions for Writs of Error Coram Nobis have been issued in cases similar to the present one so that appellant's right to equal protection of the law has been violated under the 14th Amendment of the United States Constitution. We affirm.

The essential facts of the case are undisputed. In October of 1970, appellant entered a plea of guilty to two counts of robbery in the first degree with a dangerous and deadly weapon. He was sentenced to a term of six years for each count, to run concurrently. Appellant was discharged from the convictions in 1974 after having served his sentence. In 1981, appellant was tried and convicted by a jury of two counts of murder in the second degree. Because the jury was unable to agree on the punishment, the trial court sentenced appellant to 25 years on each count to be served consecutively.

Following the latter convictions, appellant filed a Rule 27.26 motion to vacate judgment and set aside the sentence imposed in 1970. That motion was later corrected in form to reflect its current status as a Writ of Error Coram Nobis. In support of his petition, appellant claimed that he received ineffective assistance of counsel at the time of his guilty pleas in 1970, in that his attorney failed to inform him of the rights waived by a guilty plea. The trial court subsequently dismissed the petition without a hearing.

The leading Missouri case dealing with this issue is *Arnold v. State*, 552 S.W.2d 286 (Mo.App.1977). There this court enumerated several specific principles relating to the Writ of Error Coram Nobis:

*    *    *    *    *    *

(2) The writ is a common law remedy addressed to the trial court to correct errors of fact affecting the validity of the proceedings which at the time of the original proceedings were unknown to the party seeking relief and to the court;

*    *    *    *    *    *

(4) the right to relief by means of coram nobis is not absolute—it is not allowed as a matter of right or routine... It issues only if it is made to appear with reasonable certainty that some error of fact not apparent on the record was unknown to the applicant;

(5) it will not lie where the party complaining knew of the facts complained of at the time of or before trial or by the exercise of reasonable diligence might have known it;

(6) the burden of proof is on the movant or applicant—he is required to present proof that supports his well-pleaded allegations and such allegations must be established by a preponderance of the evidence;

*    *    *    *    *    *

(8) the movant must demonstrate that he is suffering from present adverse legal circumstances in order to invoke coram nobis relief from a sentence already served;

(9) to set aside a prior conviction based upon a plea, the movant should raise the issue of the invalidity of the prior conviction on the appeal of a subsequent conviction;

(10) reasonable diligence should be exercised by the movant to attack the alleged invalid conviction;

(11) sound reasons should be alleged or advanced for a failure to seek appropriate relief. (Citations omitted.) *Arnold v. State*, 552 S.W.2d at 291.

In denying appellant's petition, the trial court relied primarily on *Arnold*. As stated in the court's conclusions, it was found that:

(1) Appellant failed to exercise reasonable diligence in attacking his guilty plea, as evidenced by the fact that he waited approximately twelve years before filing his Rule 27.26 motion;

(2) appellant did not allege any facts which were unknown at the time he entered his pleas, or which by the exercise of reasonable diligence he might have known at the time he entered his guilty pleas;

(3) appellant failed to plead that he is presently suffering adversely by reason of the sentences from which he seeks relief or that he would receive any benefit from the relief sought, because the 25 year sentence on each count of murder in the second degree was well within the statutory authority of the trial judge where the jury fails to agree on the punishment;

(4) appellant made no claim on the invalidity of the prior convictions in his appeal of the 1981 murder convictions.

From the record before this court, it is clear that the trial court's findings were supported by ample evidence. This being the case, it cannot be said that the trial court abused its discretion in denying appellant's petition. Furthermore, the United States Supreme Court has indicated that the Writ of Error Coram Nobis should be limited to circumstances in which errors are of the more fundamental character compelling action to achieve justice. *U.S. v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Clearly, this case is not an instance where the circumstances are so compelling as to require the writ requested.

Judgment affirmed.

REINHARD, C.J., and CRIST, J., concur.